The opinion of the Court was afterwards delivered by
Sedgwick, J.,
who, after stating the principal facts contained in the answer of Williams,' including his information and belief of the assignment and delivery by Gorham of Rogers’s notes to Messrs. Rogers, Lee, and Brotan, observed that neither of these last facts is important in determining the case on the ground on which it is placed by the arguments of the counsel for Mr. Williams. They say that by his undertaking, expressed in his endorsement on the back of those notes, they became assignable, according to the cases cited from Blackstone and Espinasse, so as to authorize the assignee to support an action in his own name ; and that, from the time they were so assignable, they became negotiable securities, and by the statute exempted from the process in this case.
Hall for the plaintiff.
Otis and C. Jackson for the trustee.
[ *379 ] *If every thing laid down in the cases of Fenner vs. Meares, and Surtees vs. Hubbard, be good law, I do not think they conclude to the purpose intended by the counsel of Mr. Williams. “ Credits” generally are attachable. That the expected dividend was such a credit as might have been attached, is not denied ; but it is said, that the endorsement of Williams is such, that it brings the future dividend, as a credit in his hands, within the exemption expressed in the twelfth section of the act. That section is in these words — “ that no person shall be considered or adjudged to be a trustee, within the intent and meaning of this act, by reason or on account of his having made, given, endorsed, negotiated, or accepted, any negotiable security whatever.” I am of opinion that it was the intention of the legislature to exempt only those negotiable securities, which were made such in their original construction. There is the strongest reason why they should be exempted. They are in their nature commercial, and their facile and secure passing from man to man, as a medium of exchange, is of great public utility. But if they were rendered subject to this process, their credit must be materially injured, if not ruined. Besides, the words “ made, given, endorsed, negotiated, or accepted,” seem to apply with peculiar propriety to this species of contract.
It was said by one of the counsel for Mr. Williams, that the notes from the bankrupt were negotiable, and, therefore, within the twelfth section of the act. It is to be observed, in answer to this objection, that the obligation of Williams to pay Gorham the dividend is noi from his having “made, given, endorsed, negotiated, or accepted,” the notes; but from moneys coming into his hands belonging to the estate of the bankrupt.
In this view of the case, it is not important to determine the question made by the plaintiff’s counsel whether a debtor can, by an assignment for the use of his creditors generally, protect his property against one of his creditors, who did not assent to the assignment. The discussion of that question might require extensive investigation!
We are of opinion that Williams must be adjudged the trusteo of the defendant. (a)

 Vide Oliver vs. Smith & Al. 5 Mass. Rep. 103.