Judge Ewing
delivered the Opinion of the Court.-
Boude brought an action on the case against Burket, a sheriff, charging him with having levied an execution on, and sold, the goods of his tenant, and applied the money in satisfaction thereof, without- paying him his year’s rent, due and payable prior to the removal of said goods.
We deem it inappropriate to scrutinize the declaration, as the demurrer which was put in, to it, was subsequently withdrawn, and a plea to the country filed, which has been frequently settled by this court, to be a waiver of the demurrer.
Another question has been raised, for the first time in tbis Court, by the counsel for the plaintiff in error: namely, that our whole system of laws on the subject of distress, were unconstitutional and void. And the main argument relied on, is, that that they are incompatible with our liberal institutions and the genius of our government. Such an argument would be better addressed to the Legislature than to this Court. We are not placed here to make laws, nor to abolish those that have been made, provided they are not incompatible with the constitution. We can see nothing in that instrument prohibiting the enactment of the statutes on the subject of rents. Indeed, the system was in full force when the constitution was formed. All the Legislature has done, has been to pare down, trench and restrict its rigors,
The only right contended for in the present action, is the right of priority of lien, on the goods and chattels of the tenant found on the premises, for the payment of one year’s rent.
Questions to be decided.
©nr statute prohibiting the levy ■of executions on the goods 8fc. upon rented tenements, without payment of the years’ rent, is like the 8 Ann. and to be interpreted by the sanie ruéis
Can it be seriously contended, that the Legislature has not the constitutional power, by a law prospective in its operation, to give a priority of lien to a defined class of creditors? If so, it may as well be contended, that the lien created in favor of the elder execution over ■ the junior, or in favor of the vendor, upon the land sold and conveyed to the vendee, for the payment of the consideration, with many other liens that might be enumerated, were exclusive privileges, and therefore unconstitutional and void. We cannot sanction such doctrine, or entertain a doubt on the subject.
The only questions which we deem essential to be considered in this case, grow out of the instructions to the jury, given in behalf of the plaintiff, those that were refused, on the part of the defendant — which may be resolved into the following propositions:
First. Is the sheriff liable for the property sold, but not removed off the premises?
Second. Is the sheriff liable for the intrinsic value of the property sold, or for the price for which it sold under execution?
Third. Has the landlord a lien upon any other property of his tenant, than his household furniture — he being the tenant of a house and lot in town?
Fourth. To entitle the landlord to his action against the sheriff, was it necessary to give him written notice of the amount of rent due?
Fifth. After the levy was made by the sheriff, but before the property was removed, if the landlord sued •out a distress warrant, and put it into the hands of a constable, who demanded the property, but the sheriff refused to give it up to him, — does this exempt the sheriff from responsibility?
The twelfth section'of the act to amend and reduce into one the execution laws of this state, is a transcript of the statute of 8 Ann. And the interpretation which has been given to the latter statute by the English courts, has been heretofore adopted by this Court, as a guide for the interpretation of the twelfth section of our statute. All the lien which existed in favor of landlords, was enacted by that statute, and all that exists in favor *211 of landlords in this state, exists by virtue of the twelfth section of our statute.
A sale of chattels found on rented premises,, is tantamount to a removal, as regards the officer who levies upon them.
Where an officer levies on and removes a tenant’s chattels without paying the rent due (for not exceeding X year,) the landlord has choice of two remedies: (1) by motion, for an order of court requiring the proceeds to be paid to him; by which he waives the tort, and affirms the sale: or (2) by an action for the tort; in which the measure of damages is the amount of rent due, if the goods were worth it; if not, their actualvalue, without regai-d to what they bro’t at the sheriff’s sale.
Though the statute prohibits the removal of property off the demised premises, it was settled by this Court, in the case of Craddock vs. Riddlesbarger, inconsonance with the English decisions upon their statute, that a sale of the property was such removal as would subject the officer to liability. 2 Dana, 209.
In relation to the second proposition, we have had some difficulty in arriving at a satisfactory conclusion.
The landlord has two remedies against an officer who takes property from the demised premises by execution, without paying the rent. First — he may move the Court to which the execution is returnable, for a rule upon the officer, to pay over the money raised by the sale under execution, or so much thereof as will 'satisfy his rent. Or, second — he may maintain an action on the case against him for taking and removing the property under execution before his year’s rent is paid.
In the former action, he waives the tort in the taking of the property, affirms the sale, and asks an application of the fund raised, or so much thereof as will suffice to the discharge of his prior lien. When this remedy is sought by the landlord, the Court will direct the application, in the same manner that they would direct the application of the fund raised by sale under a junior execution, when the same officer held a senior execution in his hands, to the payment of the latter execution. 1 Strange, 97, 643; 2 Strange, 1024; 7 Comyn’s Digest, 262—3, title Rent, letter D 8; Bradby on Distress, 215, 119.
But when the action on the case is brought, it is brought for the wrongful act of the officer, in taking and removing the property upon which' a prior lien exists in favor of the landlord, his year’s rent not being paid. The claim of the landlord is upon the property, and not uponathe fund raised by its sale; and when the value of the whole property of the tenant falls under the amount of his year’s rent, he may have a deep interest in superintending and directing the sale, and in having it made at the most proper time, and by an officer selected by himself, under his own distress warrant; and *212 is therefore not bound to submit to, and receive the proceeds of, a sale made by another, against his will, and in violation of his rights. Besides, the statute expressly prohibits the removal of the property before the year’s rent is paid. In case it is removed, what is the criterion of damages? Surely the vaule of the thing removed, provided that value does not exceed the year’s rent. To that amount he is injured, by the withdrawal of the property from his lien, and to that amount he has a right to recover in this action, and is not restricted in his recovery to the price for which it sold.
An act of this-state, of 1811, restricted the lien of landlords, as given hy 8 Ann, and similaj laws, till then (1811) in force here; but the ex’on law of 1828, § 12, reenacted the 8 Ann; and now •the lien of the landlord extends to all goods and chattels whatsoever lying or being on the tenement — and is not restricted to the produceof afana or furniture of a town house.
In respect to the third proposition, we are constrained to come to the conclusion, that the landlord has a lien, as the laws now stand, upon all the goods and chattels of the tenant, and is not restricted in his prior lien, to the produce of the farm rented, or the furniture of a house in town.
The statute of 8 Alin, we have said, first created the lien in favor of landlords. That statute is general in its terms, and extends to all the goods and chattels of the tenant on the demised premises. That statute was en-grafted into our execution law, prior to 1811, and was construed,, as was the statute of A.nn, to give a prior lien to landlords over all the goods and chattels of their tenants found on the demised premises.
This prior lien, being regarded by the Legislature, as. too broad in favor of landlords, was, by an act of 1811, 2 Stat. Law, 1357, restricted to the “produce of the farm or place rented or leased” — allowing however to the landlords of houses rented or leased in towns, a lien on the furniture of the occupying tenant. But the Legislature, by the twelfth section of the act to amend and reduce into one the execution laws of this state, passed in 1828, (1 Statute Law, 639,) re-enacted the statute of 8 Ann, and revived the lien created by the same, in as. broad and general terms as were used in said statute,, that “no goods or chattels whatsoever, lying or being in or upon any messuage, lands or tenements, which are or shall be leased for life or lives, term of years, at will, or otherwise, and where the rent is reserved and made pay *213 able in money, shall at any time hereafter, be liable to be taken by virtue of a writ of execution,” &c. s
The notice of a landlord’s lien,to, an officer who is about to levy on the goods of the tenant, need not be in writing. If he is, in any way, apprised of the lien, and of the amount due, it is sufficient. And the fact that he was so apprised, maybeproved by circumstantial, or by direct, evidence.
The property on which an execu tion is levied, is in the custody of the law, and is not, in that condition, subject to be taken by a distress for rent.
This section, in its broad and general terms, extending the protection to all the goods and chattels, is inconsistent with and repugnant to the restriction contained in the act of 1811, limiting the lien to the produce of the farm rented, orto the furniture of a house in town, and must be regarded as a repeal of the same. Both statutes cannot stand together. The landlord cannot have a general lien, if he be restricted to a lien upon particular goods only. The former statute must therefore give way to the latter. If the statute of Ann gave a general lien, so must the statute of 1828.
To entitle the landlord to his action, we are satisfied it is not necessary for him to give the officer written notice of his claim for rent. If the officer has due notice of his demand for rent, before the removal of the property, whether the notice be by parol, or in writing, it will suffice. If he be apprised of the lien ho must regard it, and should not remove the property, or make sale of it, until the year’s rent has been paid. 7 Comyn's Digest (title Rent) 262—3; 2 Wilson, 140; 1 Strange, 97,213; Bradbyon Distress, 215; 11 Johnson, 186.
The statute, in words, does not require notice. But the necessity of notice has grown out of the construction which the courts have given to it for the safety of the officer. In that construction, in any adjudged case which we have been able to meet with, they have not gone farther than to require that the officer shall be distictly apprised of the pre-existing lien by the landlord, and of the amount claimed; and whether he be apprised of it verbally, or in writing, it matters not. Notice also, like any other fact, may be proved by positive or circumstantial evidence, and is a question of fact for the jury to decide.
After a levy is made, of an execution by an officer, the property levied on, is in the custody of the law — as was decided by this Court in the case of Craddock vs. Riddlesbarger, 2 Dana, 209—and cannot be taken by a distress warrant.
A warrant in the hands of a constable, after the levy, *214 but before the property was removed, could not legally be levied on the property taken in execution; and consequently, could not exempt the sheriff from responsibility, or change in any respect his attitude.
The opinions of the Circuit Court in the instructions given to the jury, being sustained by the principles above settled, and those instructions that were refused, being repugnant to the same, there was no error in giving those that were given, or in refusing to give those that were rejected.
It is therefore considered by the Court, that the judgment of the Circuit Court be affirmed.