GARDNER COLBY *vs.* EZRA J. COATES & another & Trustee.

An assignee, under the insolvent laws of this commonwealth, cannot be charged by the trustee process, as the trustee of a creditor of the insolvent, for money in his hands as such assignee.

METCALF, J. This is a trustee process, in which Daniel S. Kendall, assignee of Solomon Hopkins, an insolvent debtor, is summoned as trustee of the principal defendants. It appears from Kendall's answer, (among other facts which we need not consider,) that he was appointed, under our insolvent laws, assignee of the estate of Hopkins, which was duly assigned to him before this process was served on him, and that the principal defendants, after this process was served, proved claims, to a large amount, against that estate.

The counsel for Kendall claims his discharge on two grounds : First, that if he can be charged, as assignee, in any case, it can be only when the principal defendant's claims against the insolvent have been proved and allowed before service of the trustee process. Second, that goods, effects, &c., in the hands of an assignee of an insolvent debtor, are not subject to the trustee process. The view which we have taken of the second point supersedes the necessity of deciding the first.

We consider the property of an insolvent debtor, after warrant issued and assignment made, to be under the control of the law, like the property of a deceased person while under administration. And under the former trustee law, ( *St.* 1794, *c.* 65,) it was decided, that no person, deriving his authority from the law and obliged to execute it according to the rules of law, could be held by the trustee process. This principle was applied to sheriffs, &c., who had collected money by legal process, unless the principal defendant had demanded the

money of them; *Wilder* v. *Bailey*, 3 Mass. 289; and to county treasurers; *Chealy* v. *Brewer*, 7 Mass. 259; and to executors and administrators; *Barnes* v. *Treat*, 7 Mass. 271, and *Brooks* v. *Cook*, 8 Mass. 246. These decisions were inconsistent with, and virtually overruled, the cases of *Jones* v. *Gorham*, 2 Mass. 375, and *Decoster* v. *Livermore*, 4 Mass. 101, in which an assignee, under the bankrupt law of 1800, was charged as trustee of a creditor of the bankrupt. In these two cases, the general question of such an assignee's liability was not raised by counsel, nor considered by the court.

The Rev. Sts. *c.* 109, § 30, provide that a sheriff, &c., shall not be charged as trustee, by reason of any money or other thing received or collected by him, by force of legal process, although the same should have been previously demanded of him by the principal defendant; and that no person shall be so charged, by reason of any money in his hands as a public officer, and for which he is accountable, merely as such officer, to the principal defendant. But by § 62, it is enacted, that debts or legacies due from executors or administrators, and any other goods, effects, or credits, in their hands, as such, may be attached in their hands, by the trustee process. No provision is there made concerning assignees of insolvent debtors; for there was then no statute directing their appointment and prescribing their duties. And though provision has since been made for them, by *St.* 1838, *c.* 163, yet we cannot, in direct opposition to the spirit and policy of the law regulating the trustee process, hold them liable to that process, merely because the legislature, by a special provision, introduced by way of exception to the general rule, have made executors and administrators subject to it. No such provision is made respecting guardians; and it has been held, since the revised statutes took effect, that a guardian is not chargeable, by the trustee process, for the debt of his ward. *Gassett* v. *Grout*, 4 Met. 486. And we are of opinion, upon the principles of the above-cited decisions, under *St.* 1794, which were confirmed and extended by Rev. Sts. *c.* 109, with a single exception, that assignees of insolvent debtors, appointed under our insolvent laws, cannot be charged as trustees. Dividends, due to a cre-

ditor from the assignees of a bankrupt, are not attachable under the law of foreign attachment by the custom of London. Ashley on Attachment, (2d ed.) 29; 9 Petersd. Ab. 711.

*Trustee discharged.*

A. H. Fiske, for the plaintiff.

T. P. Putnam, for the trustee.