ROBERT BENTLEY ET AL
vs.                    } JULY TERM, 1851.
BENJ. SHRIEVE ET AL.

[ATTACHMENT.]

MONEY in the hands of a trustee of this court is not liable to attachment.

[The statement of facts referred to in the opinion of the Chancellor in this case shows, that Kilgour, the trustee in this case, held in his hands certain moneys belonging to the creditors of Shrieve; that John I. Harding, of Loudon county, Virginia, was one of those creditors, and had filed his claim in the cause, and the account stated by the Auditor allowed a distributive share thereto ; that said Harding, on the 2d of September, 1847, executed a deed of trust to Thomas P. Knox, including his real and personal estate and all debts of every description due him ; that Ramey, a citizen of Loudon county, Virginia, to whom Harding was indebted, on bond, obtained a writ of attachment out of Montgomery County Court, on the 29th of July, 1848, against said Harding, which was, on the same day, laid in the hands of Kilgour, the trustee ; that the deed of trust from Harding to Knox was not recorded in the clerk's office of Montgomery county or any county in this state, or in the Chancery office, or filed therein.

Upon these facts, the question submitted by the trustee and the attorney of Ramey was, whether Knox was entitled, by virtue of the deed to him, to the proportion of the fund awarded to Harding, or whether Ramey, by virtue of his writ of attachment, will be entitled to it.   Upon this question the Chancellor delivered the following opinion.]

THE CHANCELLOR :

The agreement in this case, is not signed by, or on behalf of Knox, the trustee, in the deed of Harding and wife, dated 2d of September, 1847, and, therefore, it might be premature and irregular to pass an order disposing finally of the question submitted for my opinion.

I have, however, read the agreement, and am of opinion, that the attachment issued by Ramey, and laid in the hands of the trustee, Alexander Kilgour, cannot be maintained.

In the case of the *Farmers Bank of Delaware* vs. *Beaston*, 7 *G. & J.*, 421, it was decided that money or property in the hands of receivers appointed by this court could not be attached, though the simple fact that receivers had been appointed and given bond would not protect it.   The exemption of property in the possession of a receiver from attachment, is also understood to have been decided by the Circuit Court of the United States for this District.

But if property in the hands of a receiver is not liable to attachment, it is not perceived upon what ground money held by a trustee of this court can be reached in that way.   The trustee is the officer of the court, and money in his hands is under its protection and subject to be disposed of by its owner.

I consider the principles announced by the Court of Appeals in the case referred to, are decisive so far as the rights of the attaching creditor are concerned, and I can see no reason why the deed of trust to Thomas P. Knox should not be allowed to operate upon the fund in question in the hands of the trustee.

McLean, for the Trustee.
A. Randall, for Ramey.