CASE 21—ACTION BY JAMES GRIFFITH AGAINST E. T. GROSS TO RECOVER
PERSONAL PROPERTY—MARCH 29.

# Griffith v. Gross.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

LIEN FOR GRAZING CATTLE—CONSTITUTIONALITY OF STATUTE—NOTICE.

Held:    1. Sections 2500 and 2501, Kentucky Statutes, which gives
persons a lien on cattle for their reasonable charges for grazing
them, and authorizing a warrant to be sued out and levied on
such cattle for such charges are not unconstitutional.
2. Notice is not required to be. given before sale of the property,
where one has actual notice that his property has been seized
under such warrant.

L. J. MOORE, ATTORNEY FOR APPELLANT.

1. No judge or justice can issue an execution against the property of
another, without summoning him to appear in court, and giving
him an opportunity to show whether or not he owes the debt.
2. This case differs from a distress warrant issued under landlord's
lien law, against his tenant, because in that case the cattle are
in the tenant's possession, and he has actual notice when they
are taken.
3. Sections 2500, 2501, and 2502 of the Kentucky Statutes, under
which this proceeding was had, are in violation of both the
State and Federal Constitution, because they attempt to provide
for the taking of the property of another without "due process
of law."

CITATIONS.

Ky. Stats., secs. 2500, 2501, 2502 and 4149.
Clark v. Mitchell, 64 Mo., 564.
Taylor v. Porter, 4 Hill, N. Y.

W. P. KIMBALL FOR APPELLEE.

1. The collection of rent by the ancient summary process of distress
has never been held to be a taking of property "without due pro-
cess of law."

2  The statute in this case provides an ample remedy for any abuse
   of the summary process, and this is, "due process of law."

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Section 2500 of the Kentucky Statutes gives all persons
feeding or grazing cattle for compensation a lien upon
the cattle for their reasonable charges for feeding or
grazing them, subject to the limitations and restrictions
provided in the case of a landlord's lien for rent. Sec-
tion 2501 authorizes a warrant to be sued out, directing
the proper officer to levy upon and seize the cattle for the
amount due, with interest and cost; and section 2502 re-
quires the proceedings under the warrant to be in all
respects the same as in cases of distress for rent. Under
these provisions R. L. Evans sued out a warrant for thir-
ty-four dollars and fifteen cents for feeding and grazing
fifteen hogs, the property of appellant. The warrant was
levied by the sheriff on the hogs, and thereupon appellant
brought this action to recover them from appellee, the
sheriff, on the ground that the statutes above referred to
are unconstitutional.

The statute only gives a lien on cattle put out by the
owner to be fed. The creation of such a lien is a valid
exercise of legislative power, and, when appellant put
his hogs out to be fed he did so with notice that he there-
by created a lien on them for their feeding. Such a lien
stands on the same plane as a mechanic's lien, or the com-
mon law lien of an artisan on things left with him for re-
pair. The landlord's lien and right to distrain for it are
as old as the common law. The constitutionality of our
statute on distress for rent was upheld by this court in
Burket v. Boude, 3 Dana, 209, and Garnett v. Jennings,
(Ky.), 44 S. W., 382. See Blanchard v. Raines, 20 Fla.,

467, for a full discussion of the subject. The lien of the farmer for his grass eaten by the stock placed with him to be grazed is, in substance, only a lien for the use of his land, and is sustained by the same reasons of public policy as the landlord's lien for rent. Our statutory proceeding in case of distress is less rigorous than the common law mode. The lawmaking power, which created the lien in favor of the farmer on the cattle grazed by him, had clearly the right to prescribe how this lien might be enforced. At common law all such liens were enforced by the party in whose favor they existed, without any legal process; and while it is true that by statute in this State liens are now required ordinarily to be foreclosed by judicial proceedings, this statute, like all others, is subject to the will of the Legislature, and in creating the lien for grazing stock it had to determine what was the best way to enforce it. Ordinary judicial foreclosure would have been attended with too much cost and delay, and some summary process was necessary. By section 2310, Kentucky Statutes, the defendant in the warrant may replevy the debt for three months, or by section 653 of the Code of Civil Practice he may give a bond securing the payment of the amount due, and thereby discharge the levy. We fail to see that these provisions do not fully protect the rights of the owner, or that any unconstitutional guaranty is thereby denied him, for the reason that, when he put his stock out to be grazed, he did so with full knowledge, not only that a lien was thereby created on them, but that it might be enforced as provided in the statute. If a pledge is not redeemed, the pledgee may sell it; and it has never been supposed that this procedure violates any constitutional right of the pledgor. We are unable to see any solid distinction

between this and the statutory lien in the case before us, when enforced in the manner pointed out by the statute, with reference to which both the parties contracted when the stock were put out to be grazed. See Pennoyer v. Neff, 95 U. S., 714, (24 L. Ed., 565.) Appellant, however, having actual notice that his stock had been seized, is not really in a position to raise the question argued by his counsel as to the necessity of notice to him of the proceeding before a sale of his property. Judgment affirmed.

Judges White, DuRelle and Guffy dissenting.

Petition for rehearing filed by appellant and overruled.