Statement.

## Wytheville.

### Wright v. Agelasto.

#### June 15, 1905.

1. Contracts—*Conditions—Waiver.*—A contract made upon a condition precedent cannot be enforced unless the condition has been performed, or waived, or the party relying upon it is estopped from relying on it. If a waiver be relied on, it must plainly appear to have been distinctly made with full knowledge of the rights intended to be waived.
2. Instructions—*Directing a Verdict.*—An instruction which directs a verdict must be predicated upon *all* the material facts which the evidence in the cause proves or tends to prove.
3. New Trial—*After-Discovered Evidence.*—If, pending the trial of a case and before it is submitted to the jury, it is discovered for the first time that the evidence of a particular witness is material, it is the duty of the party wishing his evidence to ask the court for such delay as is necessary to procure the testimony of the witness, and it is the duty of the court to grant the request if the circumstances are such as would entitle the party, after judgment, to ask for a new trial on the ground of the absence of such witness. It is not good cause for a new trial on the ground of after-discovered evidence, in the absence of such a request.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*White, Tunstall & Thom,* for the plaintiff in error.

*Edward R. Baird, Jr.,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

The defendant in error, Agelasto, as trustee in bankruptcy of the Chesapeake Furniture and Wood Working Company, sued Peter Wright in the Court of Law and Chancery of the city of Norfolk to recover a subscription to fifteen shares of stock of the Norfolk Furniture Company, of the par value of $100 per share, subscribed to upon the condition "that $15,000 *bona fide* subscriptions are gotten."

The defendant pleaded non-assumpsit, and a jury being impaneled, found a verdict for the plaintiff and assessed his damages at $1,500. The defendant moved the court to set aside the verdict and grant a new trial, on the ground that it was contrary to the law and the evidence, that the jury had been misdirected by the court, and of after-discovered evidence. The court refused the motion to set aside the verdict, entered judgment for the plaintiff, and thereupon Peter Wright obtained a writ of error from this court.

During the progress of the trial exceptions were taken to the admission of certain testimony, but this exception has been very properly abandoned in this court.

The first assignment of error upon which reliance is placed is that with respect to the refusal of the court to give the following instruction:

"The court instructs the jury that even though they may believe from the evidence that the defendant applied for a charter for the Chesapeake Furniture and Wood Working Company, was named as one of the incorporators thereof, participated in the proceedings of its stockholders, and acted as a director of the company, yet if they further believe from the evidence that at the time of such action and participation in said meetings he did not know that *bona fide,* valid subscriptions to the amount of $15,000 had not been obtained, such action and participation cannot be construed as a waiver of the condition on which his subscription was made, and they must find for the defendant."

It is certain that the plaintiff in error, having subscribed to the stock conditionally, was not bound by the contract of subscription until the condition upon which it was entered into had been performed, or been waived by him, or he had by his conduct placed himself in a position which estopped him from relying upon the condition.   It is equally certain that such conditions may be waived.

This proposition is not disputed, and needs no citation of authority in its support.

It is also true that no man can be bound by a waiver of his rights unless it be distinctly made with full knowledge of the rights which he intends to waive, and the fact that he knows his rights and intends to waive them must plainly appear.

The instruction under consideration concludes with the direction that if the jury shall believe from the evidence the facts which it recites, they must find for the defendant.

It is well settled in this court and elsewhere that an instruction which directs a verdict must be predicated upon all the material facts which the evidence introduced before the jury proves; or tends to prove.   If, as recited in the instruction, "the defendant applied for a charter for the Chesapeake Furniture and Wood Working Company, was named as one of the incorporators thereof, participated in the proceedings of its stockholders, and acted as a director of the company," such acts were an unequivocal recognition of the existence of the corporation and his membership in it.   If, indeed, he did these things in ignorance of the fact that valid subscriptions to the amount of $15,000 had not been obtained, and did not thereby intend to waive the benefit of that condition, he should not be held bound. But it may very well be, and we think there is evidence in the record tending to show, that by these acts he intended to be bound, regardless of the condition upon which his subscription had been made, and it was, therefore, incumbent upon him to negative this view.   The instruction should have stated that "if the jury believe from the evidence that the defendant . . .

was named as one of the incorporators, participated in the pro-
ceedings of its stockholders, and acted as a director of the com-
pany, and that at the time of such action and participation in
said meetings he did not know that *bona fide,* valid subscriptions
to the amount of $15,000 had not been obtained, *and did not
intend by such acts to waive the benefit of the condition,* such
action and participation cannot be construed as a waiver of the
condition on which his subscription was made, and they must
find for the defendant."

As the instruction was prepared and presented to the court,
every fact which it states may have been true, and yet the defend-
ant have been bound by his contract of subscription, and the
plaintiff in the court below entitled to a verdict against him.
He had the same opportunity of knowing that the subscription
had not been obtained, if such was the fact, as any one else en-
joyed.     He may have known it, or he may have been in ignor-
ance of it, and, either with knowledge that the stipulated amount
had not been subscribed or in ignorance of the fact, he may have
concluded that he would, in any event, be bound by his subscrip-
tion.

We are, therefore, of the opinion that the court did not commit
an error in refusing the instruction prayed for.

Nor do we think the court erred in overruling the motion
for a new trial.    There was evidence which strongly tended to
prove that the condition upon which the subscription was made
had been performed, and, as we have said, there is evidence which
tends to show that the plaintiff in error had determined not to
rely upon the condition, whether it was performed or not.

Nor do we think the court erred in refusing to set aside the
verdict because of after-discovered evidence. There was in truth
no after-discovered evidence in any proper sense of the term. Giv-
ing to the affidavits all the force and effect which can be imputed
to them, it appears that the evidence now relied upon was known
to the plaintiff in error before the case was submitted to the jury.
It is true that the affidavit of plaintiff in error states that as soon

as he ascertained from the evidence of Page, given in the trial, that the testimony of a witness would be material, he caused a summons to be issued for him, and the sergeant reported him absent from the city. It was the duty of plaintiff in error, under those circumstances, to have asked the court for such delay as might be necessary to secure the testimony of the witness in question. If the circumstances were such as would have entitled the defendant, after judgment, to ask for a new trial upon the ground of the absence of the witness, it needs neither argument nor authority to show that those facts and circumstances brought to the attention of the court at any time prior to the rendition of the verdict, would have been sufficient to induce, indeed to require, the trial court to give the defendant opportunity to secure the witness. In this case, as the event proved, a brief delay would have sufficed, for it appears that the witness returned to the city on the next day, and his affidavit was procured.

Upon the whole case we are of opinion that the judgment should be affirmed.

*Affirmed.*