21540. GEORGIA POWER COMPANY v. SULLIVAN.

ARGUED FEBRUARY 12, 1962—DECIDED MARCH 8, 1962.

*T. M. Smith, Troutman, Sams, Schroder & Lockerman,* for plaintiff in error.

*Wesley R. Asinof, Charles R. Smith,* contra.

ALMAND, Justice. The judgment under review is one denying a prayer for an interlocutory injunction, which order was superseded by an order of this court, in a petition seeking to prohibit the defendant from interfering with the use of the plaintiff's right of way established by an express reservation.

In a deed conveying a larger tract of land to M. J. Sullivan, the defendant, from the Georgia Power Company, the plaintiff, was the following reservation: "The grantor reserves unto itself, its successors and assigns, the right, privilege and easement, to construct, operate and maintain electric transmission, distribution and communication lines on a strip two hundred (200) feet wide; said strip being measured one hundred (100) feet on

each side of the center line of the steel tower transmission as now constructed over and upon the above described tract or parcel of land, with the right of ingress and egress to and from said strip and the right to clear and keep clear said strip of such obstructions as might in anyway interfere with the proper operation of the electric transmission, distribution or communication lines now or hereafter located on said strip; said tract of land and said reserved strip being shown on plat attached hereto and made a part hereof."

The power company complained that the defendant was interfering with the rights established by the reservation as follows: ". . . Defendant is engaged in making constructions of buildings and installation on the portion of the property conveyed to him by petitioner which was reserved for an easement for the operation and maintenance of said electric transmission line. Said constructions and installations consist of the following: (a) A service station . . . partially up, . . . (b) Three gas pump islands . . . (c) Two underground gas tanks . . . a portion of one of said tanks being directly beneath the electric wires. . ."

It was further alleged: "All of said construction hereinabove described is in violation of the easement rights of petitioner and constitutes an obstruction of the right of way reserved by petitioner and constitutes an actual interference with the operation and maintenance of said electric transmission line. Furthermore, said construction will cause people to congregate under and beneath the electric wires in said transmission line and in the operation of said filling station, there will be a stoppage of automobiles in being serviced at said filling station and automobiles will be stationary upon said reserved strip and will in themselves constitute an obstruction and interference with said easement rights of petitioner. In addition to the foregoing obstruction, interference and violation of petitioner's said easement rights, the storing and selling of gasoline under and in close proximity to the electric wires in said electric transmission line will constitute a hazard and danger to the existence of said transmission line and is likely to result in the interruption of electric service to the public who receive electric energy over, from and across said electric transmission line."

The plaintiff amended his petition alleging that three house trailers have been located on the right of way, which trailers constitute an obstruction of the right of way, interfere with free movement across the right of way and interfere with the maintenance and operation of the electric transmission line.

The issue came on for hearing at which time, after evidence was presented by both sides, the prayer for an interlocutory injunction was denied, and it is to this order that the plaintiff excepts.

■ On the interlocutory hearing, over proper objections, the court allowed in evidence the testimony of several witnesses that the planning commission, the traffic department, and the city building inspector, of the City of Atlanta had approved the construction of the filling station by the defendant Sullivan. This evidence should have been rejected. Whether or not the erection of the filling station would be in compliance with the laws and regulations of the municipality was not relevant to the issue as to whether such erections and installations would constitute obstructions that unreasonably interfered with the rights of the power company to the use of the easement right of way. A mere consent of the public authorities for the owner of the fee to construct a filling station on the easement would not prevent the owner of the easement from preventing by injunction use of the easement by the owner of the fee that interfered with the use of the easement by its owner. Compare: *Arlington Cemetery Corp. v. Hoffman,* 216 Ga. 735, 739 (119 SE2d 696).

■ The main question involved is whether the construction of the above mentioned facilities on the right of way held by the power company constituted such an "obstruction as might in any way interfere with the proper operation of the electric transmission, distribution, or communication lines now or hereafter located on said strip."

This question is one of fact, and if there is any evidence to authorize the order of the trial court, this court will not interfere with the exercise of sound legal discretion. *Moseley v. Fargason,* 215 Ga. 207 (109 SE2d 591). But where the plaintiff shows grounds for the grant of an injunction, and shows that,

unless injunction is granted, he will suffer irreparable injury, and there is conflict in some immaterial issues made in the case, it is error to refuse an interlocutory injunction. *Jones v. Lanier Development Co.*, 188 Ga. 141, 146 (2 SE2d 923). It is the duty of this court to examine the evidence in an effort to determine if there was any conflict as to material issues. It was said in *Everett v. Tabor*, 119 Ga. 128 (4, 5) (46 SE 72), "There should be a balance of conveniences in such cases, and a consideration whether greater harm might be done by refusing than by granting the injunction. Where the evidence is conflicting, and it appears that the injunction if granted would not operate oppressively to the defendant, but that if denied the complainant would be practically remediless in case he should thereafter establish the truth of his contentions, it would be strong reason why the chancellor should exercise his discretion so as to preserve rights by preserving the status."

The easement and servitude possessed by the power company extends to all uses directly or incidentally necessary to the advancement of the purposes for which the right of way was reserved. Though the owner holds title in fee, his right to use the way must not in any way interfere with the full and free use of the easement by its owner. Wright v. Agelasto, 104 Va. 159 (51 SE 191); Alabama Power Co. v. Berry, 222 Ala. 20 (130 S 541); Collins v. Alabama Power Co., 214 Ala. 643 (108 S 868). In the present case there was abundant evidence for the plaintiff that the facilities, here involved, constituted an obstruction as contemplated by the clause in the deed reserving the easement. We must now look at the evidence to determine whether this evidence was disputed by evidence for the defendant.

The defendant's evidence consisted of an affidavit of himself, an oral statement by the defendant, an affidavit by Henry M. Murff, a building inspector for the City of Atlanta, and several photographs depicting the facilities under dispute. The defendant's pertinent testimony was as follows: that neither the service station building nor its appurtenances would interfere in any manner with the *transmission of electricity through said lines* and that the station is being so erected as to *not interfere*

*with the transmission of electricity in the overhead lines* nor *interfere with the ingress or egress* of the Georgia Power Company *to the lines.* He further testified that he was a licensed master electrician and has been in the electrical contracting business for the past 38 years, and that in his opinion the operation of the service station would not in any manner be *hazardous* or interfere with the *transmission of electricity in the overhead lines.*

It is clear that the clause in the deed reserved more than the mere right to have protection against actual interference with the transmission of electricity through the lines, or the right to have protection against actual interference with the right of ingress and egress to the right of way.

There was no evidence offered to place in conflict the power company's contention that the construction violated the easement rights and was an actual interference with the operation and maintenance of the electric transmission line. It follows that there was no evidence to support the order of the trial court in regard to the above mentioned facilities and the house trailer owned by the defendant.

For the reasons set forth above it was error to refuse an interlocutory injunction to restrain the defendant.

*Judgment reversed. All the Justices concur.*