## 70794. COOK et al. v. THOMAS.
### (334 SE2d 727)

Deen, Presiding Judge.

On January 14, 1985, Keith W. Thomas filed a motion for contempt against Billy Joe Cook and Betty Sue Cook Daniels alleging they were in violation of a judgment entered on September 13, 1984, wherein the court ordered Cook and Daniels to "remove instanter all obstructions from that part of the private way which passes over the property leading to property owned by the plaintiff which forms the basis of this action." The court further found that plaintiff had "an established private way over property owned by defendant" and described it. These obstructions were removed, but shortly thereafter the defendants put two gates and a cable across the private way. Appellants were held in contempt of the court and appeal. *Held*:

Appellants contend the trial court lacked venue and jurisdiction over both their persons and the subject matter and that appellee's remedy was to either seek an injunction under OCGA § 9-5-1 or to petition the probate judge to remove the obstructions under OCGA § 44-9-50.

We disagree with appellants' position. Every court has the power to compel obedience to its judgment. *Griggs v. Griggs*, 234 Ga. 451 (216 SE2d 311) (1975). Disobedience of a lawful court order is an obstruction of justice, and for such a violation, in order to compel respect or compliance, the court may punish for contempt. *Griggers v. Bryant*, 239 Ga. 244, 246 (236 SE2d 599) (1977). The trial court has the power to determine if there has been compliance with its decrees and no party may take advantage of the letter of a decree to the detriment of another party. The court has a wide discretion to determine whether its orders have been violated. The trial court's findings in a contempt hearing will not be disturbed unless the judge has grossly abused his discretion. *Wagner v. Commercial Printers*, 203 Ga. 1 (45 SE2d 205) (1947).

The appellants here wilfully placed more obstructions over a private way very shortly after having been ordered to remove obstructions from it. This act was an open and wilful defiance of a judgment which had previously been entered in the case. For appellants to suggest that appellee must either file for an injunction or a re-determination that the obstruction must be removed would keep these parties in constant litigation.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

Decided September 5, 1985.

*H. Darrell Greene*, for appellants.

*Wesley Williams*, for appellee.