## A92A1109. ROBERTS v. ROBERTS.
(425 SE2d 414)

SOGNIER, Chief Judge.

Ethel Roberts brought suit against James Roberts and obtained a judgment establishing easements across his property and enjoining him from interfering with the easements. Four months later, Ms. Roberts filed a motion for contempt alleging that Mr. Roberts had erected a fence on his property preventing her from enjoying her easements, in violation of the trial court's judgment, and seeking removal of the fence. The trial court denied her motion, and she filed this direct appeal.

1. Initially, we note that this court has jurisdiction over this appeal, see *Cook v. Thomas,* 175 Ga. App. 836 (334 SE2d 727) (1985), and that nothing in the trial court's order reflects it is other than a final judgment. See *Levingston v. Crable,* 203 Ga. App. 16, 18 (416 SE2d 131) (1992). Compare *Moody v. Moody,* 238 Ga. 257 (232 SE2d 842) (1977), explained in *Berger v. North American Co.,* 146 Ga. App. 475, 476 (1) (246 SE2d 716) (1978). Accordingly, appellate jurisdiction is conferred pursuant to OCGA § 5-6-34 (a) (2). See *Ramsey v. Ramsey,* 231 Ga. 334, 335-337 (1) (201 SE2d 429) (1973). Accord *Lupo v. Long,* 145 Ga. App. 876 (245 SE2d 73) (1978).

2. The record in the case sub judice reveals that in the prior litigation between the parties, judgment was entered on the jury's finding that appellant has easements across appellee's property for a septic tank and for pipes to connect improvements on her property with municipal sewer services. In its order on appellant's motion, the trial court found that appellee was not in contempt of that judgment. However, in the same order the trial court ruled that if appellant "desires to remove the approximately four foot section of the fence at the back corner of [her] building near [part of the sewer line], for the purpose of repairing any problems which [appellant] allegedly is having with her pipes, [she] may do so with the proviso that [she] then replace said fence in the condition it is presently in, all at [appellant's] own expense."

The defenses to a civil contempt "are that the order was not sufficiently definite and certain, was not violated, or that the violation was not wilful. . . . [Cit.]" *Schiselman v. Trust Co. Bank*, 246 Ga. 274, 277 (271 SE2d 183) (1980). No issue is presented here regarding the definiteness or certainty of the judgment. It thus appears that the trial court's order on appellant's motion was based either on a determination that the fence erected by appellee does not interfere with appellant's fair enjoyment of her easements or that appellee's violation of the judgment was not wilful.

We agree with appellant that to the extent the trial court's order constituted a ruling that appellee's fence does not interfere with her easements, that ruling was wrong as a matter of law. In *Jakobsen v. Colonial Pipeline Co.*, 260 Ga. 565, 566 (2) (397 SE2d 435) (1990), a pipeline easement case, the Supreme Court held that "[t]he grant of an easement impliedly includes the authority to do those things which are reasonably necessary for the enjoyment of the things granted, [cit.]," and thus the easements included implied rights to trim trees in order to inspect the pipeline. Even if *Jakobsen* can be distinguished on the basis that the easement in that case granted a detailed enumeration of rights to the holder, cases such as *Georgia Power Co. v. Leonard*, 187 Ga. 608, 610-611 (2) (1 SE2d 579) (1939) and *Stewart County v. Holloway*, 69 Ga. App. 344, 347 (25 SE2d 315) (1943), applying a more restrictive construction of easements, have nonetheless recognized that the grant of an easement includes those rights that are "requisite to its fair enjoyment [and] essential to the reasonable enjoyment of the easement granted. [Cits.]" *Leonard*, supra. "[W]hen one grants a thing, he is deemed also to grant that within his ownership without which the grant itself will be of no effect." *Jones v. Mauldin*, 208 Ga. 14, 16 (1) (a) (64 SE2d 452) (1951). "The easement and servitude possessed by [the grantee] extends to all uses directly or incidentally necessary to the advancement of the purposes for which the [easement] was reserved. Though the owner holds title in

fee, his right to use the way must not in any way interfere with the full and free use of the easement by its owner. [Cits.]" *Georgia Power Co. v. Sullivan*, 217 Ga. 699, 702 (124 SE2d 634) (1962).

The easements granted by the judgment in appellant's favor contain no limitations on their use; hence, appellant as grantee is entitled to avail herself of all reasonable uses that significantly relate or are essential to the object for which the easements were granted. *Jakobsen, Leonard*, supra. The right to maintain and repair the sewer pipes and septic tank cannot be severed from the sewerage purposes for which the easements were granted. The trial court obviously recognized in its order that evidence exists to show that appellee's fence interferes with the full and free use of the easements by appellant, as the order authorized the fence's removal when repairs to the sewer pipes are required. It is incongruous to acknowledge the fence's interference with appellant's use of the easement when repairs need be made but then to conclude that the fence's presence does not violate the judgment prohibiting appellee from interfering with those easements.

" 'It is fundamental that every court possesses the inherent power to preserve and enforce order and compel obedience to its judgments and orders, to control the conduct of . . . persons connected with the judicial proceedings before it and to inflict summary punishment for contempt upon any person failing and refusing to obey any lawful order of such court. [OCGA §§ 15-1-3 (3); 15-1-4 (a)]; [cit.] This court will not undertake to control the wide discretion vested in the trial court in the exercise of this fundamental power unless it is made to appear that wrong or oppression has resulted from an abuse of such discretion reposed in the court. [Cits.]' " *Young v. Champion*, 142 Ga. App. 687, 691 (236 SE2d 783) (1977). To the extent the trial court's order is based on a finding that appellee is not in violation of the judgment because he is not interfering with appellant's easements, the trial court's order is wrong and erroneously oppresses appellant's right to full and free enjoyment of her easements.

However, the record reflects that appellee also asserted the defense that his violation of the judgment was not wilful because when he erected the fence, he did not act with the intention of violating the judgment's mandate against interfering with appellant's easements. See *Schiselman*, supra. Evidence to support this defense is present in the record in the form of appellee's unrebutted statements in his affidavit regarding his intentions in erecting the fence and the actions he took in an attempt to avoid interfering with appellant's easements.

Given that the trial court's denial of appellant's contempt motion could validly be based upon a lack of wilfulness on appellee's part, and given that "[a] correct decision of the trial court will not be reversed, regardless of the reasons given therefor, [cit.]" *National Con-*

*sultants v. Burt,* 186 Ga. App. 27, 33 (2) (366 SE2d 344) (1988), we affirm the trial court's order with direction that the trial court vacate the language obligating appellant to remove and replace appellee's fence and substitute in its stead language addressing appellee's interference with appellant's easements in a manner consistent with this court's opinion.

*Judgment affirmed with direction. McMurray, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 23, 1992.

*King & Spalding, Stephanie E. Parker,* for appellant.
*Groover & Childs, Frank H. Childs, Jr., Sara E. Roberts,* for appellee.