A09A0914. CLARK et al. v. CHAPMAN.
(687 SE2d 146)

ADAMS, Judge.

Reliford Clark, Jr., a/k/a Reliford Clark a/k/a Buster J. Clark a/k/a Buster J. Clark, Jr., appeals the trial court's order granting Clyde Hayward Chapman's "Motion to Produce All Property of Clark Land Development, Inc. and Set Aside Transfer of Property."

Chapman initiated this action by filing a "Complaint for Injunctive Relief and Levy of Corporate Stock" against Clark and Clark Land Development, Inc. ("CLD"). Clark was owner, officer and registered agent of CLD, a Georgia corporation, at the time Chapman filed his complaint. The complaint sought to enforce a judgment

from an earlier lawsuit addressing the dissolution of a Georgia general partnership between Clark and Chapman (the "Judgment"). The complaint sought to levy upon CLD stock in partial satisfaction of the Judgment, and in that regard sought to enjoin Clark from transferring any interest in the stock to third parties.[1] After Clark answered the complaint, Chapman moved for judgment on the pleadings, and the trial court granted that motion on June 16, 2008, ordering the sheriff to levy on all of CLD's stock and enjoining Clark from "selling, trading, bartering, donating, hypothecating, or otherwise transferring any interest in the common stock of CLD pending the satisfaction of the [J]udgment." One week later, the trial court amended its order to direct Clark to produce the CLD stock certificates to the sheriff by June 30, 2008 (collectively hereinafter the "June orders"). Clark did not appeal either of these orders, and it appears that he delivered the stock certificates to the sheriff as ordered by the Court. Chapman apparently purchased those shares at auction on or around September 2, 2008.

The next day, Chapman filed the motion to produce and set aside that is the subject of this appeal. In support of that motion, Chapman asserted that after delivering the CLD stock to the sheriff, Clark caused CLD to sell to Clark, individually, a tract of South Carolina real property belonging to the corporation less than one month prior to the auction of the CLD shares. He attached a copy of a deed from a South Carolina deed book showing the transfer of a tract of land from CLD to Clark on August 6, 2008. Clark signed the deed as president of CLD. In addition, Chapman alleged that Clark withdrew approximately $18,000 from a bank account held in CLD's name.

After hearing argument from the parties on this motion, the trial court entered an order on November 3, 2008 (the "November order") directing Clark to provide an accounting to the court of expenditures made on behalf of the corporation and to return all of CLD's personal property to Chapman. Additionally, the trial court ordered that Clark reconvey the South Carolina real property back to CLD.

Clark appeals from that order asserting that the trial court lacked jurisdiction over either Clark, who is a South Carolina resident, or the South Carolina property. He argues that once the trial court issued its June orders directing the sheriff to levy on the

---

[1] Although Chapman's complaint ostensibly seeks equitable relief, such relief is merely ancillary to the underlying legal issue before us as to whether the trial court had jurisdiction to enter additional orders in connection with Chapman's request for a levy on the stock. Where an appeal addresses equitable relief that is merely ancillary to an underlying legal issue, jurisdiction is in the Court of Appeals. *Lee v. Green Land Co.*, 272 Ga. 107 (527 SE2d 204) (2000).

stock, the action was over, and the trial court had no jurisdiction to issue any additional orders in the case. Additionally, Clark asserts that he did not violate the trial court's June orders because he did not transfer any CLD common stock, but rather conveyed property of the corporation, which was not covered by the trial court's order.

"The inherent power of courts to enforce their orders is grounded in both the constitution and the Official Code of this state." (Footnote omitted.) *DeKalb County v. Adams*, 262 Ga. App. 243, 245 (2) (585 SE2d 178) (2003). Under OCGA § 15-1-3 (3), every court has the power to compel obedience to its orders. And the Georgia Constitution provides that "[e]ach court may exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments. . . ." Ga. Const. Art. VI, Sec. I, Par. IV. "This court will not undertake to control the wide discretion vested in the trial court in the exercise of this fundamental power unless it is made to appear that wrong or oppression has resulted from an abuse of such discretion reposed in the court." (Citations and punctuation omitted.) *Roberts v. Roberts*, 206 Ga. App. 423, 425 (2) (425 SE2d 414) (1992).[2] Moreover, "[w]here equity acquires jurisdiction for any purpose it will retain jurisdiction to give full and complete relief, whether legal or equitable, as to all purposes relating to the subject matter." (Punctuation and footnote omitted.) *Luther v. Luther*, 289 Ga. App. 428, 434-435 (4) (657 SE2d 574) (2008).

Thus the trial court had jurisdiction to consider Chapman's motion to the extent that it asserted that Clark's transfer of CLD's assets was a nullity and a violation of the June orders. The trial court, in the exercise of its constitutional and statutory powers, could properly consider this argument and issue any appropriate orders. See *Blanton v. Duru*, 247 Ga. App. 175, 176-177 (2) (543 SE2d 448) (2000). Further, Clark does not contest that the trial court had personal jurisdiction to issue a judgment against him on Chapman's complaint. It follows that the trial court retained that jurisdiction for the purpose of enforcing the June orders, which arose from that complaint. Cf. *Mathis v. Corrugated Gear &c.*, 263 Ga. 419, 420 (1) (435 SE2d 209) (1993) ("Since the trial court, as a matter of law, retained jurisdiction for the purpose of enforcing its decree, it made no difference that the trial court's order did not contain a specific provision to that effect.").

The June orders directed Clark to produce all certificates of CLD

MINI LAW LIBRARY

---

[2] Similarly, "the proper administration of justice demands that courts have the power to enforce their orders and decrees by contempt proceedings. Thus, a trial court may hold a party who fails to comply with a final judgment in contempt, and it retains jurisdiction for the purpose of enforcing its decrees." (Punctuation and footnotes omitted.) *Collier v. D & N Trucking Co.*, 273 Ga. App. 271, 272 (614 SE2d 801) (2005).

stock in proper form to the sheriff of Lumpkin County for levy and sale at public auction to satisfy the Judgment. Additionally, the orders enjoined Clark from transferring "*any interest* in the common stock of CLD *pending satisfaction of the [J]udgment.*" (Emphasis supplied.) Clark contends that he fully complied with the June orders by delivering CLD's stock certificates to the sheriff by the required deadline. He asserts that his subsequent transfer of corporate assets is somehow unrelated to the corporate stock and thus was not prohibited by the June orders.

This argument is without merit. Stock certificates have no value in themselves; the paper certificates alone cannot satisfy a judgment. Rather, their value lies in the ownership interest represented by the certificates. "Stock is the capital of corporations, which is usually divided into shares of definite value; and the owner of stock is the owner of an interest in the property of the corporation." (Citations omitted.) *Ga. Power Co. v. Watts*, 184 Ga. 135 (190 SE 654) (1937). We conclude, therefore, that in ordering Clark to deliver all CLD stock to the sheriff, the trial court, in effect, transferred ownership of all corporate property into the court.

And "money or property in the hands of an officer who has collected it under legal process . . . is in custodia legis." *Fulghum v. Williams Co.*, 114 Ga. 643, 647 (40 SE 695) (1902). While the property "is in the custody of the court, . . . no sale of the property can take place, either on execution or otherwise, without leave of the court for that purpose." (Citations and punctuation omitted.) Id. Cf. *Coker v. Norman*, 162 Ga. 351 (133 SE 740) (1926) ("One who dispossesses the receiver of property consigned to him by the court dispossesses the court . . . may be punished for contempt, and the property may be restored.") (citation omitted). Accordingly, once Clark delivered the corporate stock to the sheriff, he no longer held ownership or control of the corporate assets, and although he was a corporate officer, he had no authority to transfer corporate assets without leave of the trial court.

We conclude, therefore, that the trial court had jurisdiction to enter an order addressing Clark's transfer of corporate assets because the transfer was a nullity and violated the court's June orders. Clark's attempts to transfer the property, therefore, were without effect, and the trial court could properly direct Clark to return ownership of the corporate assets to Chapman, the current shareholder. The fact that one of the assets was real property located in South Carolina did not affect the trial court's authority to direct Clark to comply with its order regarding the ownership of stock in a Georgia corporation. See generally *Boca Petroco v. Petroleum Realty II*, 292 Ga. App. 833, 838 (2) (666 SE2d 12) (2008) (recognizing that Florida court could exercise personal jurisdiction over the parties to

action before it, "to indirectly affect title" to property in Georgia "for instance, by requiring the parties to take certain action regarding the property") (footnote omitted).

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED NOVEMBER 18, 2009.

*Oliver & Weidner, William R. Oliver*, for appellants.

*Turner & Willis, Brett D. Turner, Briskin, Cross & Sanford, Alan M. Briskin, Byron M. G. Sanford, Alfred W. Keung Chang*, for appellee.