THE EAST LINE AND RED RIVER RAILROAD CO. v. R. S. TERRY.

1. GARNISHMENT—PRACTICE.—In garnishment proceedings the creditor is the actor, and the burden of proof lies upon him, when the garnishee, by answer, denies his indebtedness to the defendant.
2. PAYMENT.—See facts held to be a payment.
3. AGENT—ACTS OF, OUTSIDE HIS DUTY.—That a secretary of a corporation received from the payee a check, drawn by the corporation in favor of its creditor, and collected the money and paid it out to the creditor of the payee of the check, does not constitute an indebtedness from the corporation, or render it liable again to its former creditor, by anything done by its secretary about such fund not for the benefit of the corporation.

APPEAL from Marion.   Tried below before the Hon. B. T. Estes.

R. S. Terry recovered a judgment, January 17, 1878, against Zachry & Milner, for the sum of $2,365.07, in the District Court of Marion county.

On the 14th of August, 1877, pending the suit of Terry against Zachry & Milner, he filed petition and affidavit for garnishment, setting forth in the affidavit that the East Line and Red River Railroad Company was indebted to and· had money and effects belonging to Zachry & Milner in its possession.   The writ of garnishment was served August 14, 1877.

In November, 1877, the president, William M. Harrison, and the secretary, W. H. Cook, of the company, filed their answer, denying that the railroad company, at the time of the service of said garnishment, was indebted to said Zachry & Milner, or had any effects of theirs in its possession, either at the time of filing or at the time of service.

At January Term, 1878, Terry filed a plea controverting the answer to the garnishment; to which plea or statement controverting said answer, the railroad company replied May 3, 1878, reiterating the denial, and stating that no officers of said company held any funds of Zachry & Milner, either at the time of said answer or the service of said writ; that W. H. Cook, acting as agent of, and by the procurement and permission of, said Zachry & Milner, held in his possession certain funds belonging to Zachry & Milner, and, as their said agent, the said Cook paid out said funds to the creditors of Zachry & Milner, and at their request, and that said funds were in no manner the funds or property of said railroad company, nor was said railroad company indebted to Zachry & Milner as aforesaid.

On the 17th of May, 1878, Terry filed his "trial amendment," setting forth, in substance, that at the time of the service of said garnishment the railroad company was indebted to Zachry & Milner in the sum of $4,000, and that

said Cook did not hold any funds of Zachry & Milner in his custody as their agent, but solely as secretary of the railroad company and in an official capacity.

Upon this issue the parties went to trial, and the result was a verdict and judgment for Terry for $1,556.15 ; said judgment reciting that said railroad company should pay over and deliver to the sheriff said sum of money and costs, when demanded by the sheriff, at any time after ten days after the rising of the court, and in case of failure and refusal, then execution to issue, &c.

Motion for new trial was overruled, and the railroad company appealed.   Additional facts are in the opinion.

*T. J. Campbell and M. L. Crawford*, for appellant.

I. There was but a single issue presented by the pleadings—that of *indebitatus vel non :* was the company indebted to Zachry & Milner at the service of said garnishment, and not did the company (appellant) have any funds or effects in its hands.   (Love *v.* Wyatt, 19 Tex., 315 ; Tinsley *v.* Carey, 26 Tex., 351.)

II. The verdict, in any event, is not sustained by the evidence.

The evidence is overwhelming and conclusive that appellant, four days before the service of said garnishment, had fully paid off and discharged all its indebtedness to Zachry & Milner.   They were contractors under appellant, and on the 10th of August, 1877, the company paid them in full $9,873.59, and Zachry & Milner receipted for same.  This amount was paid by check of W. B. Ward, the treasurer of the company. This amount was all that was due from the company to Zachry & Milner.   The payment of this check was a full discharge of the company.   The money was handed by Zachry to W. H. Cook, and the two proceeded to pay it out for Zachry & Milner, and not for the company ; and there is no evidence, from which any fair inference can be drawn, that Cook was acting in any manner for the company, but solely and alone

for Zachry & Milner.   (Chandler *v.* Meckling, 22 Tex., 40;
Austin *v.* Talk, 20 Tex., 164.)

III. After the payment by the company and the receipt by
Zachry & Milner, as embraced in the above-cited check of the
treasurer of appellant, we maintain that any declarations or
statements made by any director or officer of said company
would not bind appellant.   The corporation is one person
and the officers are other persons, and although agents for
certain defined purposes, their declarations, being officers or
agents, do not bind the company, when loosely made, as in
this case, after the fact of payment, and made certainly not
in the scope of their duties.   The statements, to be binding,
must be part of the *res gestæ.*   (1 Greenl. Ev., secs. 113, 114.)
And as to admission and declarations of corporators, share-
holders, directors, and officers of corporations, see 1 Greenl.
Ev., sec. 175 and note 5, 13th ed.   (Roddy *v.* Kingsbury, 5
Tex., 152; Story on Agency, secs. 134, 136.)

IV. The court submitted various questions to the jury,
about which there was no proof and which misled the jury.
For example: " A payment in law is a payment in money,"
&c.   A proposition irrelevant, unsustained by testimony, and
one unsustainable in law; for payments may be made, when
accepted, in many things besides money, as in the case at
bar.   The payment was made to Zachry & Milner in the
check on the bank and by them accepted.   (McGreal *v.* Wil-
son, 9 Tex., 429; Austin *v.* Talk, 20 Tex., 164; Dodd *v.*
Arnold, 28 Tex., 101.)

V. The very question in issue by the pleadings was *indebi-
tatus vel non,* and yet the court refused to permit appellant to
ask the question of the president of the railroad whether, at
the service of the garnishment, the appellant was indebted to
Zachry & Milner, and whether appellant had property of theirs
in its possession, upon the extremely technical ground that this
was a conclusion of law; that the question sought opinions
and not facts.

*G. T. & C. S. Todd* and *Mabry, McKay & Culberson,* for appellee.

I. The issue of *indebitatus vel non* is not the only issue presented by the pleadings, and the court did not err in charging the jury as to "effects in the garnishee's hands."

. Statement under appellee's first proposition: The affidavit for garnishment charged "indebtedness or effects," &c., in form, and the garnishee answered by its president and secretary, under oath, that said garnishee "was not indebted to Zachry & Milner, and had no credits or effects of said Zachry & Milner in its hands, nor had at the time of serving the writ of garnishment," and so was also plead in appellant's answer.

The appellee filed his affidavit, under the statute, "that he believed said answers to be incorrect," and also filed his plea controverting said answers, and showing that the money in said garnishee's hands, if any, was the property of Zachry & Milner, but was controlled by said garnishee without the consent or authority of Zachry & Milner. (Paschal's Dig., art. 161; Adkins *v.* Watson, 12 Tex., 200; Ellison *v.* Tuttle, 26 Tex., 285; Howard *v.* Crawford, 21 Tex., 400.)

II. Appellee denies appellant's second proposition, and submits that the evidence is amply sufficient to sustain the verdict. The court will not disturb the verdict of a jury when it is supported by any evidence. (Briscoe *v.* Bronaugh, 1 Tex., 340; Edrington *v.* Kiger, 4 Tex., 93; Gamage *v.* Trawick, 19 Tex., 64.)

Denying appellant's third proposition, appellee submits two propositions—

1. The court did not err in admitting declarations of officers and directors of appellant company. The evidence shows that Ward was treasurer, Taylor vice-president, Harrison president, and Rainey a director and assisting the secretary in disbursing the money, or superintending same, and all were identified in interest with the appellant; also, that the declarations were made about the time the garnishment

was issued, and with reference thereto; hence *res gestæ.* (1 Greenl. Ev., secs. 171, 176.)

2. The appellant's objection to the admissibility of the evidence is not now well taken, because not objected to at the time it was offered, and no bill of exceptions reserved. (Rule 55 of the Supreme Court, for governing District Court.)

IV. We submit that appellant's fourth proposition is not sustained by the record, and refer to the charge of the court. Whether the check was accepted as a payment, was a question of fact, which the court fairly submitted to the jury; so as to capacity in which Cook acted. (Able *v.* Lee, 6 Tex., 427, 430; Case *v.* Jennings, 17 Tex., 674.)

V. In controverting appellant's fifth proposition, appellee submits that the question ruled out by the court was properly excluded, because (1) it sought to elicit a mere opinion from the witness; and (2) it was the province of the jury, not of the witness, to determine whether there was or not any indebtedness; and (3) the exclusion of the testimony did not, and could not, injure appellant. (1 Greenl. Ev., 440; Sheffield *v.* Sheffield, 3 Tex., 79; Haynie *v.* Baylor, 18 Tex., 509.)

MOORE, CHIEF JUSTICE.—Our conclusion upon the merits of this case renders it unnecessary to consider most of the questions which have been discussed by appellant's counsel.

To unsuccessfully impeach appellant's answer to the writ of garnishment, it was, unquestionably, incumbent on appellee to prove that appellant was indebted to Zachry & Milner, or had money or effects of theirs in its possession or under its control, at the service of the writ, or at a date anterior thereto, with notice of the garnishment. In a proceeding of this character, the creditor is the actor, and the burden of proof is undoubtedly upon him; and unless he establishes the truth of his averments impeaching the answer of the garnishee, the latter must, unquestionably, be discharged. The garnishee is primarily required to stand

merely upon the defensive. Hence it is not incumbent upon him to establish the truth of his answer, but simply to repel the efforts of the creditor to impeach it.

Now, did appellee, on the trial of this case in the court below, sustain his denial of the truth of appellant's answer to the writ, or rebut the presumption raised by the answer in appellant's favor?

On the 9th of August, 1877, the amount then due Zachry & Milner by appellant was ascertained and determined. On the next day the full amount due them was paid by the treasurer of appellant, apparently in the regular course of business, by a check on the bank in which appellant's funds were kept. Zachry & Milner accepted the check and gave appellant a receipt in full for the demand, indorsed the check, and, as Zachry himself testifies, requested Cook, the secretary of appellant, by whom the check and receipt were handed him, to draw the money upon it; which he (Cook) accordingly did, and returned, in company with Zachry, to his office or place of business as secretary of appellant, carrying with him the money received, by Zachry's request, on the check; and there, by the further request of Zachry, proceeded to pay it to creditors of Zachry & Milner, in accordance with pay-rolls prepared by them and furnished him for this purpose.

Now, what is the legal import upon this transaction?

Certainly, upon its face and unexplained, there can be no hesitancy in answering that the acceptance of the draft by Zachry and its collection by Cook, by his request, import a payment of the debt in discharge of which it was given, even if this intention had not been more clearly shown by the receipt. Did the fact that the check was paid to the secretary of the appellant affect or rebut the inference to be drawn from the acceptance and collection of the check by the debtor? Why should it? Zachry could have collected it in person, if he had chosen. That he did not, surely does not, of itself, alter the legal conclusion to be drawn from its acceptance and payment to him through the party who he had re-

quested to collect it.   Whose money was it when thus collected by Cook?   On this state of facts, no one, we think, can hesitate to answer that it was the money of the owners of the check or the parties in whose favor it was drawn. Certainly, we imagine, no would say that if Cook, after drawing it, had appropriated the money to his own use, or had refused to pay it to Zachry & Milner on their demand, that they could not have maintained an action against him for it, or that they would have had valid ground of action against appellant.

If, then, the appellant's debt to Zachry & Milner was discharged by their acceptance of the check and its payment by the drawee as directed by them, did appellant become again indebted to them by anything subsequently occurring, or did the money subsequently pass into its possession and control as the property of Zachry & Milner?   If not, there can be no pretense that appellee has successfully impeached appellant's answer.   We are totally unable to find anything in the record to warrant an affirmative response to either of these propositions.   Certainly the fact that the money was in the custody of appellant's secretary, and that he was keeping and using it, but not about appellant's business, in its office, does not prove that it is chargeable for its custody or liable as a debtor for the amount thus held by one of its officers; if, indeed, appellant could be made liable by an unauthorized and wrongful act of its officer outside of his official duty and without its ratification or approval of his act.   It would, it seems, be a most unreasonable inference to suppose that appellees would have gone to the trouble of a mere formal or apparent payment of its debt to these parties merely to withdraw so much of its funds from the control of its treasurer, its proper custodian, to place it in the hands of its secretary, that he might use it in payment of debts for the discharge of which it is not attempted to be shown that appellant was either legally or morally bound.   It is true, Zachry testifies that Cook was not his agent when he drew the money from

the bank; that he supposed he was acting for appellant. It appears, however, from what he afterward says, that these are mere inferences or conclusions of his. The facts show that the money was drawn by Cook by his request and on authority furnished by him; that Cook held it with his consent, and carried it to appellant's office for his, and not appellant's use, and there appropriated it, in his presence, in payment of his, and not appellant's debts.

In the absence of any proof whatever to warrant such an inference, it cannot be inferred that Zachry could have thought, in all these matters so foreign, as we may infer he must have known them to be, to Cook's duties as secretary of appellant, that he was acting for it and in his official capacity. The fact that Cook may have assumed authority, in paying out the money, beyond that with which he was intrusted, or may have acted in bad faith, or that the president of appellant's company may have connived or encouraged him in so doing, certainly did not make appellant liable to Zachry & Milner for the money in Cook's, and not in appellant's possession. Still less would it show that appellant was still their debtor.

The evidence not being sufficient to warrant the judgment, it is reversed.

JUDGMENT REVERSED.