## J. B. WINSLETT v. G. H. RANDLE.

(No. 2060, Op. Book No. 2, p. 487.)

APPEAL from McLennan County.   Opinion by WALKER, R. S., P. J.

§ 1189. *Garnishment; nature of the proceeding.* Garnishment is a statutory proceeding auxiliary to writs of execution and attachment in the enforcement of the collection of money. It is in the nature, therefore, of process against a debtor for the collection of a debt, and yet it is in the nature of a proceeding *in rem,* and in effect a suit by the plaintiff for the recovery of the credits or property of the defendant, without the concurrence and against the will of the latter. [Drake on Attach. 452.]

§ 1190. *Property in custody of the law not subject to garnishment; assignee under insolvent act.* It is a general rule applicable to process for the seizure of property in satisfaction of debt, or for the purpose of subjecting

it thereto, that property which is already in the custody of the law is not subject to such seizure or interference. An assignee appointed in proceedings at law for the benefit of insolvent debtors seems to stand in the same position as a receiver. He is an officer of the court, and moneys and effects in his hands are in the custody of the law. They cannot be reached by garnishment unless a dividend has been declared and the assignee has been directed to pay it over to the respective creditors. [Freeman on Ex. § 129; 6 Cush. 558; 5 Allen, 94; 2 Mass. 375; 4 Mass. 101.]

§ **1191.** *Assignee under voluntary assignment may be garnished.* An assignee to whom a debtor has made a voluntary assignment of his assets for the benefit of creditors is liable to be garnished. If he has in his hands assets more than sufficient to discharge the claims of the creditors assenting to the assignment, a dissenting creditor may reach the surplus by garnishment. [Freeman on Ex. 129.]

§ **1192.** *Assignment for benefit of creditors; construction of act of July 24, 1879; vests title in assignee.* The assignment which was made in this case was a general and unconditional one, for the benefit of all the creditors, and for the distribution of the debtor's estate *pro rata* among the creditors, made under and in conformity with sections 1 and 2 of the act of July 24, 1879. [Gen. Laws 1879, chap. 53, p. 57; R. S. Appendix, p. 5.] It was not intended to conform to the provisions of section 3 of that act. The several sections of that act succeeding section 3, and including section 8, have reference to an assignment made under section 3. The statute does not attempt to define the effect and consequences of a general assignment made under sections 1 and 2 of the act, but does do so with reference to an assignment made under section 3, and the leading feature of the provisions is to exclude non-consenting creditors from participation in the benefits of a distribution of the debtor's estate. But an assignment made under either sections 1 and 2 or section 3 of

the act vests the legal title of the property conveyed in the assignee, and he becomes a trustee under a statutory bond for the ministration of the reciprocal rights of the debtor and the creditors. The legal effect of the deed of assignment is to vest the legal title of the assignor's property in the assignee for the trusts specified in express terms by the law which defines the effect of the same, irrespective of mere forms. This assignment being a general one, under sections 1 and 2 of the act, section 8 is not applicable to it, and the question of a *non-consenting* creditor's right to garnishee the assignee in a case to which that section is applicable does not arise here, and is not determined.

§ 1193. *Assignee, under general assignment, not subject to garnishment.* The assignee's possession of property, under a deed of assignment made in conformity with sections 1 and 2 of the assignment act, is one that he has both a right and a duty to maintain, and it is superior to the contingent and expectant possible right of a creditor. The debtor had a right, without the aid of this statute, to make a valid sale, if fairly made and for a valuable consideration, of his assets, to any one or more of his creditors in satisfaction of these debts; and under its provisions he had the right to convey all of his property for the benefit of all his creditors, whether they saw proper to consent to it or not. Such a conveyance would not have the effect to discharge their debts beyond the amount paid upon them by the assignee. No creditor, under such a deed, can have a greater interest in the assets for the satisfaction of his debts than his proportionate share. The assignee is entitled to hold the property in trust for each of the creditors for that purpose, and the correlative proposition must be alike true, that no creditor, for whose benefit he thus holds it, is entitled to seize it under process of law for its appropriation to the satisfaction of his debt. The assignee, therefore, has not in his possession assets which any longer belong to the debtor, for the latter has conveyed them away by a valid

and lawful transfer. The debtor no longer has any interest in the assets which can be reached by process of execution, attachment or garnishment. He has parted with the legal title by a deed which vests the equitable interest in his creditors generally, and no one of the creditors has rights in the assets except as they are bestowed by and under the deed, and that excludes the idea of any other than a distributable *pro rata* interest. "Garnishment can have no effect to overthrow trusts in order to reach moneys supposed to belong to a debtor. Whatever of money or property of the debtor is sought to be reached by this process must be his *absolutely*, disincumbered of any trust declared in his favor, or that of any other person." [Drake on Attach. §§ 454*b* and 511, and cases cited.]

§ 1194. *Garnishee; his liability must be proved.* "In order to a recovery against a garnishee, it must be shown affirmatively, either by his answer or by evidence *aliunde*, that he has property of the defendant in his possession of a description which will authorize his being charged, or that he is indebted to the defendant." [Drake on Attach. § 461.] The law will not presume him liable, nor will he be required to show facts entitling him to be discharged, until at least a *prima facie* case is made out against him. On the contrary, the rule is the other way, that he will be entitled to be discharged, unless enough appear to render him liable. In this respect he stands precisely in the position he would occupy if the defendant had sued him. [R. R. Co. v. Terry, 50 Tex. 129; Ellison v. Tuttle, 26 Tex. 283.]

November 9, 1881.　　　　　　Reversed and remanded.