COMMERCIAL BANK OF CHICOTAH, OKL., v. FIRST STATE BANK & TRUST CO. OF SANTA ANNA et al.

(Court of Civil Appeals of Texas. Austin. Jan. 29, 1913. Rehearing Denied Feb. 26, 1913.)

1. PLEADING (§ 290*) — VERIFICATION — ANSWER.

Rev. St. 1895, art. 1265, subd. 5, which requires that a plea shall be verified by affidavit when it sets up a defect of parties, applies only where the additional party is a necessary party.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 859–863, 881, 886½; Dec. Dig. § 290.*]

2. BANKS AND BANKING (§ 175*)—COLLECTIONS—INDORSEMENT OF BILL OF LADING—ACTION FOR WRONGFUL DELIVERY—PARTIES.

In an action by a bank on a draft with bill of lading attached against its correspondent bank for wrongful delivery of the bill of lading to the buyer without receiving full payment of the draft, contrary to its instruction, the buyer, while not a necessary party, was a proper party.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 634–652; Dec. Dig. § 175.*]

3. CARRIERS (§ 58*)—TRANSFER OF TITLE—INDORSEMENT OF BILL OF LADING—RIGHTS OF INDORSEE.

By a seller's indorsement of a draft with bill of lading attached, the bank paying the draft becomes the owner of the goods to the extent of enforcing a lien against them, and occupies a similar position to a mortgagee in possession.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 179–190; Dec. Dig. § 58.*]

4. CARRIERS (§ 58*)—INDORSEMENT OF BILL OF LADING—ACTION FOR WRONGFUL DELIVERY—MEASURE OF DAMAGES.

In an action by an indorsee of a draft with bill of lading attached brought after payment of the draft against its correspondent bank for its wrongful delivery to the buyer, without requiring full payment according to its instructions, the measure of damages was the same as that of the shipper, and, while the indorsee was not bound by an agreement between the buyer and the seller as to the price at the place of delivery, it could recover only the value of the goods at the time they were wrongfully delivered to the buyer.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 179–190; Dec. Dig. § 58.*]

Appeal from Coleman County Court; T. J. White, Judge.

Action by the Commercial Bank of Chicotah, Okl., against the First State Bank & Trust Company of Santa Anna, in which defendant made L. L. Shields a party defendant, and asked for judgment over against him for the amount of any judgment against it. Judgment for plaintiff for an insufficient amount, and it appeals. Affirmed.

Critz & Woodward, of Coleman, for appellant. Snodgrass & Dibrell, of Coleman, for appellees.

## Findings of Fact.

JENKINS, J. L. R. Hays of Chicotah, Okl., made a contract with L. L. Shields, of Santa Anna, Tex., to deliver to him at the latter place a car load of good, heavy, Oklahoma river bottom corn, for which Shields was to pay upon delivery the sum of 63 cents per bushel. Hays shipped to Shields a car load of corn, and drew upon him through the appellant bank for $287.55, the value of said corn at 63 cents, with bill of lading attached. The appellant paid to Hays the amount of said draft, and forwarded the same to appellee. Upon arrival of the corn at Santa Anna, Shields inspected the same, and wired Hays that the corn was not such as he had bought, and that he would not take it. Hays wired Shields, asking him what he would give for the corn, and he replied by wire 55 cents per bushel. The appellee bank delivered said draft and bill of lading to Shields, who took charge of said corn, and delivered to the bank his personal check for $121.88, the price of said corn, freights deducted, at 55 cents per bushel, and appellee bank forwarded this draft to appellant. Appellant at once returned Shields' check to appellee bank, and demanded payment in full of the draft drawn by Hays. The corn was not worth in the mar-

ket at Santa Anna at the time it was received and taken possession of by Shields more than 55 cents per bushel, or the sum of $121.88, after deducting freights. The appellee bank answered, setting up all the facts above found, and asked that Shields be made party defendant, and for judgment over against said Shields for whatever amount judgment might be against it. Shields answered, setting up the same facts as alleged in appellee bank's answer. The defendants paid into court said sum of $121.88. There was a judgment for appellant for $121.88 and against it for costs. The customary method between banks of remitting money is by check, and not by money itself. Appellant did not object to Shields' check for any other reason than that it was not sufficient in amount.

## Opinion.

[1, 2] Appellant excepted to appellee's answer making Shields a party defendant, for the reason that said pleadings were not verified. This exception was overruled, and in this there was no error. Appellant cites in support of its contention Revised Statutes 1895, art. 1265, subd. 5. This applies only where the additional party is a necessary party. Shields was not a necessary party to plaintiff's suit, but he was a proper party.

[3, 4] Appellant's contention is that inasmuch as appellee bank delivered the bill of lading to Shields contrary to its instruction, without first requiring full payment of the draft drawn, that it thereby made itself liable to appellant. This is true, but what was the extent of its liability? Clearly the damages suffered by appellant. By indorsement of said draft, with bill of lading attached, the appellant bank became the owner of said corn to the extent of enforcing a lien against the same. It occupied a similar position to a mortgagee in possession. When it was wrongfully deprived of this possession, it was entitled to recover against the wrongdoers (the appellee bank and Shields in this case, had it seen proper to have sued Shields) the amount of damages suffered by such wrongful act; and this was the value of the corn at the time the same was wrongfully converted by Shields, with the connivance of the appellee bank. In Landa v. Lattin, 19 Tex. Civ. App. 246, 46 S. W. 48, it was held that the assignee of the draft with bill of lading attached became the owner of the goods shipped, and was responsible to the consignee upon the implied warranty of the shipper as to the soundness of the goods. This doctrine was overruled in Blaisdell Company v. Bank, 96 Tex. 626, 75 S. W. 292, 62 L. R. A. 968, 97 Am. St. Rep. 944, but the doctrine that by paying the draft, a bank did not acquire any greater rights than the shipper was not overruled, but affirmed, in the case last above referred to. In the latter case the court says: "The bank became the owner only as the facts alleged made it the owner of the cotton,

and this was only in the limited sense that it could hold and control the cotton until the drafts were paid, and as a means of insuring payment or recovering loss." In that case, as in this, the draft drawn by the shipper had not been accepted. The appellant was not bound by the subsequent agreement between Hays and Shields that Shields should have the corn at 55 cents per bushel, but was entitled to recover the value of said corn, which, as hereinbefore stated, was shown to be 55 cents per bushel.

Finding no error in the judgment of the trial court, the same is affirmed.

Affirmed.