SMITH v. HOUSTON NAT. EXCH. BANK
et al. (No. 329.)

(Court of Civil Appeals of Texas. Beaumont. March 16, 1918.)

1. APPEAL AND ERROR ⨂⟿173(2) — OBJECTION BELOW—PROPRIETY OF PROCEEDINGS.

Garnishees having interposed no exceptions or pleas to plaintiff's attempt to hold them liable in the garnishment proceeding on a direct liability of them to him, objection thereto is not available on appeal.

2. GARNISHMENT ⨂⟿13—ISSUES.

The only issue properly determinable in a garnishment proceeding strictly, as between plaintiff and garnishee, is whether garnishee was indebted or had in its possession effects belonging to defendant in the main action.

3. GARNISHMENT ⨂⟿13—LIABILITY OF GARNISHEE—COLLECTION FOR THIRD PERSON.

Where S. shipped plaintiff's goods to him, drawing a draft on him, in favor of G., for more than plaintiff owed S., attaching to the draft the bill of lading, and assigned the same to G., the bank to which G. sent the same for collection, and which collected it, not setting up any right or interest in the draft or its proceeds, but simply holding it for collection for G., was not liable as garnishee of S. to plaintiff.

4. PAYMENT ⨂⟿87(5)—RECOVERY OF PAYMENT—DURESS.

Where S. shipped plaintiff's goods 'to him, drawing draft on him in favor of G. for more than plaintiff owed, attaching thereto the bill of lading, and assigned the same to G., plaintiff, paying the same under protest in order to get his goods, could recover the excess of G. as money obtained by duress, G. having no greater rights than S., regardless of good faith in purchasing or taking the draft with bill of lading attached.

Appeal from Harris County Court; Murray B. Jones, Judge.

Garnishment proceeding by G. E. Smith against the Houston National Exchange Bank and others. From an adverse judgment, plaintiff appeals. Affirmed in part and reversed and rendered in part.

E. V. Hardway, of Houston, for appellant. Searcy & Botts, of Brenham, and Otto Taub, of Houston, for appellees.

HIGHTOWER, C. J. This is an appeal from a judgment of the county court at law of Harris county in a garnishment proceeding, wherein appellant, George E. Smith, sought judgment against the Houston National Exchange Bank, as garnishee, and also against Giddings & Giddings, a firm composed of D. C. Giddings, D. C. Giddings, · executor and trustee, and D. C. Giddings, Jr., the said bank and said firm being appellees herein.

The cause was tried before the court without a jury, and judgment was rendered that appellant, plaintiff in the garnishment, take nothing as against either the said bank as garnishee, or the said firm of Giddings & Giddings, and, further, that said garnishee bank should recover reasonable attorney's fees for filing its answer in said cause, the amount of which was fixed at $25.

We shall not undertake to follow counsel in their statement of the case in full, but will make a brief statement thereof, which we think will suffice for the purposes of this opinion:

About January 15, 1916, the appellant, George E. Smith, was the owner of a drilling rig used for the purpose of drilling oil wells, and on or about that date he entered into a contract with a concern known as the O. K. Oil & Gas Company, by which he rented to said Oil & Gas Company said drilling rig for a consideration of $10 per day, or $300 per month, with the understanding that the drilling rig should be shipped to Bender, Harris county, Tex., consigned to said Oil & Gas Company at that point, by January 21, 1916, and that payment of rent for same should commence on that day, in the event the rig should be delivered to the consignee by that time. At the time this contract was made between appellant and the O. K. Oil & Gas Company, appellant was living in the city of Houston, Harris county, and the drilling rig was located near the town of Brenham, Tex., and was the property of appellant; and on or about January 16, 1916, appellant entered into a verbal contract with one Heber Stone, who was residing at Brenham, Tex., by the terms of which it was agreed between appellant and said Stone that the said Stone would load said drilling rig on railroad cars at Brenham, Tex., and take a bill of lading therefor, showing appellant as consignee, and ship said rig to the station of Bender, in Harris county, Tex.; that the said Heber Stone was to have for his services in loading said rig for appellant the sum of $125, and that the said Stone should draw a draft against appellant for the sum of $125, and attach the same to said bill of lading, and forward the same to the Houston National Exchange Bank for collection. It appears from the undisputed testimony in this record that said Heber Stone, acting under said contract with appellant, did load said drilling rig on the railroad cars of the Gulf, Colorado & Santa Fé Railway Company at Brenham, Tex., but that this was not done as soon as was contemplated by his contract with appellant, but such loading was complete on January 24, 1916; and, after loading said rig, the said Stone took a bill of lading from the Gulf, Colorado & Santa Fé Railway Company therefor, which bill of lading showed said Heber Stone to be both the consignor and consignee of said rig, and that the same was to be delivered at said station of Bender, in Harris county. The said Heber Stone thereupon drew up a draft in favor of the firm of Giddings & Giddings, who were doing a banking business in Brenham, Tex., against appellant, for the sum of $325, and attached said bill of lading to said draft, and assigned the same to Giddings & Giddings. At the time of this assignment to Giddings &

Giddings, this firm paid said Heber Stone $100 in cash, and gave him credit on their books for the balance of said draft, the said Stone being at that time indebted to Giddings & Giddings to the full extent of the balance of said draft. Thereupon Giddings & Giddings immediately sent said draft, with bill of lading attached, to the Houston National Exchange Bank at Houston, Tex., for collection against appellant, and said Houston Bank, upon receipt of same, promptly notified appellant that it held said draft for collection. Appellant went to the Houston Bank, and, on discovering that said draft was for the sum of $325, told the Houston Bank that the draft was for a greater sum than he owed Heber Stone, and thereupon explained to the bank his contract with Stone, and stated that he would not pay the draft for the full amount of $325, but that he would pay the sum of $125, which he owed Stone for loading this rig. The Houston bank, however, informed appellant that it could not accept anything less than the full amount called for in the draft, and could not turn over to him the bill of lading for said rig until such draft was paid in full; that it only held said draft for collection for Giddings & Giddings, and that it would not be authorized to release said bill of lading until said draft should be fully paid, unless authorized so to do by Giddings & Giddings. Thereupon appellant got in communication with Giddings & Giddings by telephone, and fully explained to Giddings & Giddings the situation that appellant was in—that is to say, that he had contracted to rent this rig, and that it was important that he get possession of the same at once—and fully explained to Giddings & Giddings that he only owed Heber Stone $125 for loading the rig, and that Stone was not authorized to draw the draft on him for any amount in excess of $125. To this Giddings & Giddings replied that they held the draft for valuable consideration, and that they had purchased the same from Stone without any notice of appellant's contention or claim, and that they must insist that appellant pay the full amount of the draft, $325, before they would order the Houston Bank to release or turn over to him the bill of lading for the rig. Thereupon appellant, being made to understand that he could not get possession of said bill of lading, and consequently could not get possession of the drilling rig from the railroad company in the absence of the bill of lading, paid to the Houston National Exchange Bank $325, the full amount of said draft, which payment was made under protest, and thereupon the bill of lading was turned over to him by said Houston Bank. When this was done, appellant immediately filed suit in said county court of Harris county against the said Heber Stone, seeking to recover judgment against the said Stone in the sum of $200, which he had been compelled to pay to said Houston Bank, in order to get pos-

session of said drilling rig, and also sought to recover damages for an additional amount, which he claimed against said Stone by reason of his failure to promptly load said drilling rig, but which additional damages are unnecessary to further mention here. Appellant also immediately sued out a writ of garnishment against the Houston National Exchange Bank, alleging that he had reason to believe and did believe that said bank was indebted to the said Heber Stone, or had in its possession effects belonging to the said Heber Stone; which writ of garnishment was promptly issued, and thereafter the bank filed its answer in the garnishment proceeding, and by its answer denied that it was indebted to the said Heber Stone in any sum at the time the writ of garnishment was served upon it, or at any time between that date and the date of its answer, and also denied that it had in its possession any effects belonging to the said Heber Stone or that it had ever had. This answer by the garnishee bank was in due time controverted by appellant, and appellant having learned that the firm of Giddings & Giddings were claiming the money which he had paid to the Houston Bank, garnishee, he also made Giddings & Giddings parties defendant in this garnishment proceeding, and alleged that he believed that they were indebted to the said Heber Stone, or that they had effects in their possession belonging to him, and had them served also. Thereafter Giddings & Giddings filed their answer and denied under oath that they were indebted to Heber Stone in any sum, or that they had in their possession any effects belonging to him; and further alleged that they had become the purchasers of the draft for $325, which was drawn by Stone against appellant, as hereinbefore mentioned, and that they were owners and holders of same in good faith, and were entitled to have the same paid by appellant to the Houston bank, as was done, and denied any liability whatever to appellant on any ground. Appellant thereafter amended his pleading, and thereby controverted the answer of Giddings & Giddings, in so far as they alleged that they were not indebted to Stone, etc.; and further alleged, in substance and effect, that Giddings & Giddings were liable to him to the extent of $200, for the reason that he was compelled to pay to the Houston National Exchange Bank that sum of money in excess of what he owed Heber Stone, on account of the acts and conduct on the part of said Giddings & Giddings in refusing to release said bill of lading until said draft for $325 should be paid in full, and alleged, in substance, that this $200 in excess of what he owed Stone was paid under protest by him, and under duress exercised by the said Giddings & Giddings.

[1] There were no exceptions or pleas of any character interposed by Giddings & Giddings against the attempt of appellant to

thus hold them liable in this garnishment proceeding in Harris county, and therefore no such question is before this court.

. The case proceeded to trial, and the uncontradicted testimony showed that the Houston National Exchange Bank had no connection with the transaction in question between appellant and Heber Stone, or between Heber Stone and Giddings & Giddings, other than to collect for Giddings & Giddings the draft for $325 drawn on appellant, and to hold the bill of lading until such draft should be paid in full. Upon this state of case the trial court held that in view of the fact that this was simply a garnishment proceeding, and since it appeared by the undisputed testimony that the garnishee bank was in no sense indebted to Heber Stone, and that it had no effects in its possession belonging to him, rendered judgment to the effect that plaintiff take nothing as against said bank as garnishee, and to this extent, we think, the judgment of the trial court was correct.

[2] The rule seems to be well established in this state that, in a garnishment proceeding strictly, the only issue to be determined, or which could be properly determined, as between the plaintiff in garnishment and the garnishee, is whether the garnishee was indebted to the defendant in the main suit or had in its possession effects belonging to him. The proceeding is strictly statutory, and the issues to be determined in such proceeding are clearly defined by the statute, and it is well established that the rules of equity have no place in such exclusively statutory proceeding, and that such aid cannot be invoked therein. Ry. Co. v. Terry, 50 Tex. 135; article 273, Vernon's Civil Statutes; Bank v. Floeck, 17 Tex. Civ. App. 418, 43 S. W. 589.

[3] The evidence is clear that the appellee Houston National Exchange Bank was setting up no right or interest whatever in the draft drawn by Stone against appellant, or the proceeds thereof, but that it was simply holding the same for collection for Giddings & Giddings, the owners thereof, under the undisputed testimony; and we are cited to no authority by appellant which holds that any liability could attach to the bank in this garnishment proceeding under these circumstances, and the court did not err, we think, in rendering judgment in favor of the garnishee, and in allowing it attorney's fee of $25, and to that extent the judgment of the trial court is affirmed. .

[4] We think, however, that upon the undisputed facts, as we have detailed them above, it clearly appears that appellant, in order to get possession of the bill of lading under which the drilling rig in question was shipped, was compelled by Giddings & Giddings to pay the draft for $325, which was drawn on him in their favor by Heber Stone, and that appellant paid this draft under pro-

test, and under duress exercised by Giddings & Giddings. Heber Stone had no right to draw a draft against appellant for a sum in excess of $125, and under the law in this state, as determined by our courts, his act is drawing the draft for $325, and attaching the same to the bill of lading in question, could not have the effect to confer upon Giddings & Giddings any greater or better right than he himself had; and Giddings & Giddings could not, under the undisputed facts in this case, have collected against appellant more than $125 had they attempted to do so, regardless of their good faith in purchasing or taking the draft, with bill of lading attached, from Heber Stone. We do not believe that there is any necessity for a further discussion of this matter, and simply content ourselves with the citation of the following authorities: Caldwell v. Auto Co., 158 S. W. 1030, and authorities there cited; Michalke v. Brown, 185 S. W. 429; Commercial Bank of Chicotah v. State Bank & Trust Co., 153 S. W. 1175; 2 Daniel, Negotiable Instruments, pp. 1972, 1958.

Since it is undisputed in this record that appellant owed Heber Stone only $125, and since on account of the insistence and duress on the part of Giddings & Giddings he was compelled to pay said draft, which was in excess of what he owed Stone to the extent of $200, and since the uncontradicted testimony shows that the full amount of this draft was turned over by the Houston Bank to Giddings & Giddings, that firm became clearly liable to appellant for the amount in the sum of $200, and the trial court should have so held. Several of appellant's assignments of error raise this point, and, without discussing them specifically, such assignments are sustained. It is therefore ordered by this court that the judgment of the trial court, in so far as it refused to render judgment in favor of appellant against the firm of Giddings & Giddings, should be reversed, and that judgment should be here rendered in appellant's favor against said firm of Giddings & Giddings, composed of D. C. Giddings, D. C. Giddings, executor and trustee, and D. C. Giddings, Jr., for the sum of $200, together with all costs incurred on this appeal; but in so far as the trial court's judgment was in favor of the garnishee, Houston National Exchange Bank, the same is in all things affirmed.

Affirmed in part, and reversed and rendered in part.