F. A. KADANE & CO. v. SECURITY NAT.
BANK et al. (No. 8329.)

(Court of Civil Appeals of Texas. Dallas.
March 13, 1920.)

CARRIERS ⬤⟾58 — BANK ACQUIRING DRAFT
WITH BILL OF LADING ENTITLED TO PRO-
CEEDS AS AGAINST CONSIGNEE REQUIRED BY
FOOD ADMINISTRATION TO RECEIVE SHIPMENT
NOT GUARANTEED.

Where a bank acquires title to a draft with
bill of lading attached by crediting the amount
to consignor's account, and the consignee pays
the draft, being compelled to do so before re-
ceiving the bill of lading by the United States
Food Administration, and the shipment is not
as guaranteed, and a judgment is obtained
against the consignor, the consignee cannot re-
cover the amount of damages due him in a gar-
nishment against the bank.

Appeal from Dallas County Court; W. L.
Thornton, Judge.

Action by F. A. Kadane & Co. against the
Hurst Produce Company, and the Security
National Bank, as garnishee, in which the
Produce Exchange Bank of Kansas City
was made a party. From a judgment in
favor of the last-named Bank, the plaintiff
appeals. Affirmed.

Read, Lowrance & Bates, of Dallas, for
appellant.

Burgess, Burgess, Chrestman & Brundidge,
of Dallas, for appellee.

RAINEY, C. J. Appellant sued Hurst
Produce Company and applied for a writ of
garnishment against Security National Bank,
Dallas, Tex., claiming said produce com-
pany was indebted to it (appellant) in the
sum of $738. The writ of garnishment was
duly served upon said bank. Said bank an-
swered that the Hurst Produce Company
drew for $4,680 on appellant, which was sent
by the Produce Exchange Bank of Kansas
City for collection, which draft was paid;
that said Produce Exchange Bank claims
ownership of said fund. Said garnishee
prays that said Produce Exchange Bank be
made a party and the rights of all parties
may be fully adjusted. Said Produce Ex-
change Bank of Kansas City, Mo., filed an
answer and cross-action, alleging that it had
for a valuable consideration and without
any notice of any claim or offset against it
by appellant become the owner of the draft
by receiving it from the drawer and furnish-
ed it for collection to the garnishee and had
paid the said drawer for it and was an in-
nocent purchaser.

Appellant answered its pleading, and
specially answered to the cross-action of said
Produce Exchange Bank that said bank had
sold it 400 cases of eggs for so much per

dozen, aggregating $4,680, warranted to be
of certain quality, and were to be shipped
from Oklahoma to Dallas, Tex., and a draft
was drawn with bill of lading attached;
that before paying said draft, it discovered
said eggs were not as represented, of which
it advised Hurst Produce Company, and ask-
ed a rebate, which was refused, and, owing
to the rules of the food commission, appel-
lant was required to accept said eggs, not-
withstanding their bad condition, and it
therefore paid said draft under protest, that
at the time it paid said draft it did not know
that the Produce Exchange Bank claimed to
be the owner of same, and that since the
filing of this suit it had recovered judgment
against said Hurst Produce Company for
$505.07, with interest and costs of suit, and
asks for the payment of same out of the mon-
ey in garnishee's hands.

The Produce Exchange Bank answered
the foregoing plea by general demurrer and
special exception and general denial. The
general demurrer was sustained, to which
appellant excepted. The special exceptions
of appellant to the Produce Exchange Bank's
claim for damages by way of interest and
attorney's fees were also sustained, to which
action of the court said bank excepted.

A trial was then had before the court
without a jury and resulted in judgment in
favor of Produce Exchange Bank against Se-
curity National Bank, garnishee, for $800,
the amount that the parties had agreed
should be held by garnishee until the end of
the litigation. The appellant excepted and
gave notice of appeal.

For the purpose of having the court
decide on the merits of this case the appel-
lant admits that the Produce Exchange Bank
credited the Hurst Produce Company with
the amount of said draft on its books. The
pleadings as herein stated show the true
status of the transaction in the premises,
and it was further shown that the Produce
Exchange Bank had on deposit for Hurst
Produce Company in excess of the amount
due appellant at the time of the transaction
with which it could have reimbursed itself,
had it so applied said fund.

The first assignment of error and proposi-
tions thereunder are as follows:

"The court erred in sustaining the general
demurrer of intervener, Produce Exchange Bank,
to the amended answer of F. A. Kadane & Co.,
for the following reasons:
"(a) Said answer showed that the plaintiff
had purchased or agreed to purchase a carload
of eggs from the Hurst Produce Company, and
that said eggs were guaranteed to be fresh cur-
rent receipt candled eggs, and that when said
eggs were received they were not according to
guaranty, and were not fresh current receipt
candled eggs, but were of inferior quality.
"(b) That the Hurst Produce Company drew
a draft on said plaintiff for $4,680, with bill of

lading attached, in payment of said eggs, and that it was necessary under the ruling of the United States Food Administration of the government for said plaintiff to receive said car of eggs, and in order to receive same it was necessary for plaintiff to take up said draft before he could secure said bill of lading, which he did under protest and under necessity and duress.

"(c) That when said plaintiff paid said draft in order to receive said bill of lading, and inspected said car of eggs, he found same undergrade and defective, and he at once notified the Hurst Produce Company that adjustment was necessary, which said company refused to make and said plaintiff issued writ of garnishment against the Security National Bank, and impounded said funds in the hands of the Security National Bank.

"(d) That said plaintiff was licensed by the United States government to do business as a commission merchant, and he would have been subject to fine and, of forfeiture of license if he had not received said car of eggs.

"(e) That said Produce Exchange Bank, when it acquired said draft with bill of lading attached, acquired no greater right to said draft or to the funds given in payment of same than said Hurst Produce Company had or may have had, and the said draft was taken subject to all proper offsets, counterclaims, and credits due said plaintiff on said draft by Hurst Produce Company.

"(f) That said plaintiff recovered judgment on March 12, 1919, against the Hurst Produce Company in the original suit for $505.07, together with interest thereon at 6 per cent, per annum from September 13, 1918, with all costs."

### Propositions.

"(a) In sustaining a general demurrer the facts alleged in the pleading are taken as true, and every reasonable intendment is in favor of the sufficiency of the pleading.

"(b) One who purchases a car of eggs under guaranty that same are fresh candled current receipt, and said car of eggs is shipped with draft attached to bill of lading, the purchaser is entitled to a proper rebate or offset to the price of the car of eggs, if same are of inferior grade and quality.

"(c) If a bank or third party acquires title to said draft with bill of lading attached, the bank or third party occupies no better position in a suit to collect the full amount of said draft than the original drawer.

"(d) If a draft for car of eggs, with bill of lading attached, is paid by the drawee under protest, necessity, or duress, the funds or proceeds of the draft are subject to garnishment while in the custody of the receiving bank to the extent of the proper damage or offset on account of inferior grade in quality of the car of eggs, even though the draft may have been acquired or purchased by a third party."

The majority of the court are of the opinion that the facts pleaded show that the appellant was not entitled to the remedy sought, and that the court did not err in sustaining the demurrer of the Produce Ex-change Bank to the appellant's amended answer setting up defensive matters to the Produce Exchange Bank's cross-bill; in other words, that the matters of defense set up by appellant did not, under the circumstances, entitle it to recover and hold that the judgment should be affirmed.

The writer hereof takes a different view from that of the majority, and is of the opinion that the matters set up by appellant, which, if true, were sufficient to defeat appellant's contention as stated in proposition (d), and that the contention stated in proposition (d) is a correct principle and is supported by, the following authorities: Commercial Bank v. State Bank, 153 S. W. 1175; Smith v. Houston National Bank, 202 S. W. 183; Blaisdell Co. v. Citizens' National Bank, 96 Tex. 626, 75 S. W. 292, 62 L. R. A. 968, 97 Am. St. Rep. 944; Landa v. Lattin, 19 Tex. Civ. App. 246, 46 S. W. 48; Northwestern Nat. Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185, writ of error denied 93 Tex. 716, 45 S. W. 185.

The case of Blaisdell Company modifies the principle in some particulars in the case of Landa v. Lattin, but we think it reaffirms the principle as stated in proposition (d), as above stated. The court erred in sustaining said demurrer, and, if the proof sustained the defense pleaded by appellant, it will be entitled to recover against the fund garnished sufficient to pay out of it judgment for damages.

The judgment of the court below is affirmed.