## FARMERS' STATE BANK OF KENEFICK v. A. F. HARDIE & CO. (No. 1804.)

(Court of Civil Appeals of Texas. Amarillo. April 27, 1921.)

**1. Banks and banking ⬿27—Bank becomes owner of draft on giving unqualified credit.**

When a bank gives unqualified credit for a draft attached to bill of lading, it becomes the owner thereof, and any funds collected thereon, and is not liable for any failure of the shipment to fulfill the terms of the contract between the seller and the purchaser, under U. S. Comp. St. § 8604.

**2. Principal and agent ⬿23(4) — Evidence held not such as would support a finding that a bank was principal acting through and in name of agent in the purchase and sale of oats.**

In an action by a purchaser of oats against seller, wherein a bank which gave seller credit for draft attached to bill of lading intervened, evidence of manager of bank that the bank "paid for the oats and would not have allowed B. [the seller] to ship them out without the proceeds of the draft being deposited in the bank" *held* not such as would support a finding that the bank was really the principal acting through and in the name of B. as its agent in the purchase and sale of the oats; it being apparent that the possession of scale tickets by the bank was regarded as constituting a lien on the oats to secure payment by B. of the amounts the bank had advanced in their purchase.

Appeal from Dallas County Court; T. A. Works, Judge.

Action by A. F. Hardie & Co. against C. L. Bell, in which the Farmers' State Bank of Kenefick intervened. From an adverse judgment, the intervener appeals. Reversed and rendered.

J. W. Gormley and Thomas, Milam & Touchstone, all of Dallas, for appellant.

Read, Lowrance & Bates, of Dallas, for appellees.

BOYCE, J. C. L. Bell, a resident of Oklahoma, bought a large quantity of oats from numerous persons in the vicinity of Kenefick, Okl., and paid for them by checks on the Farmers' State Bank of Kenefick, Okl., attaching to his checks on the bank tickets showing the weights of the various purchases. He sold a car of the oats to A. F. Hardie & Co., and shipped them on shipper's order bill of lading attached to draft on said purchasers. This draft was delivered by Bell to the Kenefick bank, which gave him unqualified credit therefor. The bank forwarded the draft through the ordinary channels, and it finally came into possession of the American Exchange Bank of Dallas. The Dallas bank presented the draft and bill of lading to Hardie & Co., and it was paid. But the said Hardie & Co. immediately filed this suit against Bell, alleging that there was a shortage of 113 bushels of oats in said car, of the value of $87.06, and that the said Bell was indebted to the plaintiffs on other items of indebtedness specifically stated, in the sum of $27.98; wherefore said plaintiffs prayed for judgment against said Bell for the sum of $115.04. Hardie & Co. procured an attachment of $115.04· of the

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

said funds in the hands of the Dallas bank. The Kenefick bank intervened in said suit and claimed ownership of said funds. The trial resulted in a judgment for A. F. Hardie & Co. against the said Bell, for the sum of $115.04, with foreclosure of attachment lien on the funds in possession of the Dallas bank and against the claim of the intervener. This appeal is by the intervener from this judgment.

[1] We think the evidence shows that the funds collected on the draft belonged to the Kenefick bank. When the bank gave Bell unqualified credit for the draft, it became the owner thereof and any funds collected thereon. Howe Grain & Mercantile Co. v. Crouch Grain Co., 211 S. W. 946; West Texas National Bank v. Wichita Mill & Elevator Co., 194 S. W. 835; Kadane Co. v. Bank, 219 S. W. 506; Blaisdell v. Bank, 96 Tex. 626, 75 S. W. 292, 62 L. R. A. 968, 97 Am. St. Rep. 944. The Kenefick bank was not liable for any failure of the shipment to fulfill the terms of the contract between Bell and the purchaser. Blaisdell v. Bank, 96 Tex. 626, 75 S. W. 292, 62 L. R. A. 968, 97 Am. St. Rep. 944; U. S. Comp. St. § 8604. The case of Landa v. Lattin, 19 Tex. Civ. App. 246, 46 S. W. 48, held to the contrary, but this case was overruled by the Supreme Court in Blaisdell v. Bank, supra. Other cases cited by appellee, such as Smith v. Houston Nat. Exchange Bank, 202 S. W. 181, and Commercial Bank v. First State Bank, 153 S. W. 1175, are distinguishable.

[2] The manager of the Kenefick bank testified that the bank "paid for the oats and would not have allowed Bell to ship them out without the proceeds of the draft being deposited in the bank." Appellees say that this testimony will support a finding that the bank was really the principal, acting through and in the name of Bell, as its agent, in the purchase and sale of the oats. We do not think this conclusion would be justified from the evidence. It is apparent that the possession of the scale tickets was regarded as constituting a lien on the oats to secure payment by Bell of the amounts the bank had advanced in their purchase.

It is also claimed that the judgment of the trial court can be supported because it is shown that at the time of the attachment the said Bell had funds in excess of $115 on deposit with the Kenefick bank. If, as a matter of fact, the funds in the Dallas bank belonged to the Kenefick bank, it would have no right to pay a claim against Bell and charge Bell's account with the amount so paid. So that the amount of Bell's deposit with the bank at the time is immaterial.

We think the judgment should have been for the intervener, and judgment will be here rendered for it. As Bell made no personal appearance, and no personal judgment could be rendered against him, and there is nothing against which Hardie & Co. can proceed, the judgment will be that the said Hardie & Co. take nothing by this suit, and that it be dismissed as to said defendant.