**EARLY–FOSTER CO. et al. v. LATHAM & CO. (No. 6593.)**

(Court of Civil Appeals of Texas. April 25, 1923. Rehearing Denied June 27, 1923.)

**1. Carriers ⬅⮕59—Bona fide purchaser of bill of lading gets title to goods.**

Under Rev. St. arts. 717, 720, defining a bill of lading and providing that a railway shall not deliver goods to any person except the holder thereof, a bona fide purchaser from the consignee of an order bill of lading acquires title to the goods. and the carrier and shipper are both estopped from claiming that the goods were not delivered and that title was not transferred.

**2. Carriers ⬅⮕77—Bound to transport goods unless prohibited by legal process.**

A railway which issues an order bill of lading, under the terms of which it agrees to transport goods to destination, is bound to do so unless prevented by attachment or other legal process.

**3. Attachment ⬅⮕63—After-acquired title not affected by attachment judgment.**

Where an attachment is levied on goods not belonging to the attachment debtor, even though the attachment debtor afterwards acquires title, the attachment judgment will not hold such goods.

**4. Carriers ⬅⮕59— Evidence held to warrant finding that title of goods attached had passed to bona fide purchaser before attachment levied.**

In an action by the holder of a bill of lading against the shipper and a railroad company for conversion, evidence held sufficient to warrant finding that cotton sold to attachment debtor had been resold by him to plaintiff, a bona fide purchaser, before the attachment was levied on the cotton in the possession of the carrier, and that therefore the attaching creditor and the carrier were both liable for conversion.

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

Action by Latham & Co. against the Early-Foster Company and another. Judgment for plaintiffs and defendants appeal. Affirmed.

S. P. Ross, of Waco, for appellants.

G. W. Barcus, of Waco, for appellees.

KEY, C. J. Charles W., R. E., and Jean Latham, composing the partnership of Latham & Co., brought this suit against Early-Foster Company and St. Louis Southwestern Railway Company to recover damages for the conversion of 50 bales of cotton linters, and the suit having resulted in a judgment against Early-Foster Company, a corporation, for $1,611.93, and against the St. Louis Southwestern Railway Company for $690.82, both defendants have appealed. The trial court filed the following findings of fact and conclusions of law:

#### "Findings of Fact.

"The court finds that on or about the 1st day of December, 1916, the defendant Early-Foster Company sold to W. F. Klump, doing business as W. F. Klump & Co., of New Orleans, La., the 50 bales of cotton linters involved in the litigation, and that on December 5, 1916, W. F. Klump sold said cotton linters to the plaintiffs, Latham & Co., a copartnership composed of Charles W. Latham, R. E. Latham, and Jean Latham, said cotton linters to be delivered by Early-Foster Company f. o. b. on cars at Waco, Tex.; and the court finds that on December 16, 1916, Early-Foster delivered said cotton to the defendant St. Louis Southwestern Railway Company at Waco, Tex.; the company issued its order bill of lading to Early-Foster Company and consigned said cotton to Early-Foster Company, New Orleans, La., with the notation on said order bill of lading to notify W. F. Klump & Co.; and that Early-Foster Company indorsed said bill of lading and attached same to draft and sent it to New Orleans, and said draft was paid by Latham & Co., who took up the draft and bill of lading.

"The court further finds that after said cotton was delivered to said railway company the railway company, as it was required to do, placed said cotton linters with the compress company to have same compressed, and that after same was compressed the defendant Early-Foster Company, on December 19th, filed suit against W. F. Klump & Co. in the district court of McLennan county, Tex., and attached 35 bales of said cotton.

"The court finds that at the time said 35 bales of cotton were attached they were the property of the plaintiffs, Latham & Co., and that they were not subject to attachment at the instance of Early-Foster Company.

"The court further finds that, after the 35 bales of cotton were attached by Early-Foster Company, the defendant St. Louis Southwestern Railway Company negligently failed and refused to deliver the other 15 bales of said cotton at New Orleans, La., as it had agreed to do when it issued said order bill of lading; and the court further finds that, by reason of the acts of the defendant Early-Foster in attaching said 35 bales of cotton, it thereby converted said 35 bales to its own use and benefit, to the damage of plaintiffs, and that the defendant St. Louis Southwestern Railway Company, having negligently failed and refused to transport said 15 bales of cotton, which were not

attached, to the consignee at New Orleans, La., thereby converted same to its own use and benefit.

"The court further finds that the defendant Early-Foster Company is indebted to the plaintiffs for the value of 35 bales of said cotton linters at 7 cents per pound; and the court finds that said 35 bales weighed a total of 1,775.9 pounds, and that same was worth at said time a total of $1,243.13, and that the said Early-Foster Company owes plaintiffs said amount, with 6 per cent. interest thereon from December 19, 1916, a total of $1,611.93.

"The court further finds that the defendant St. Louis Southwestern Railway Company of Texas is indebted to the plaintiffs for the value of 15 bales of cotton linters at 7 cents per pound, and that the total weight of said 15 bales was 1,761.1 pounds, and that the value of said cotton at said time was $532.77, and that the said defendant is indebted to plaintiffs for said amount, with 6 per cent. interest per annum thereon from December 19, 1916, making a total of principal and interest due by said defendant to plaintiffs of $690.82.

#### "Conclusions of Law.

"The court concludes, as a matter of law, that the defendant Early-Foster Company, by having attached said 35 bales of cotton, thereby converted same to its own use and benefit, and that by reason thereof plaintiffs, who were the owners of said cotton at said time, are entitled to judgment against the said defendant for said sum of $1,243.13, with 6 per cent. interest from December 19, 1916, a total of $1,611.93.

"The court further concludes, as a matter of law, that as the defendant St. Louis Southwestern Railway Company of Texas negligently failed and refused to deliver the 15 bales of cotton linters at New Orleans, La., as it had obligated itself to do, it is liable to the plaintiffs for the value thereof in the sum of $532.77, with 6 per cent. interest thereon from December 19, 1916, a total of $690.82."

#### Opinion.

Without referring specifically to the points presented in appellants' brief, we announce our conclusions as follows:

[1] The appellant railway company having executed to appellant Early-Foster Company its order bill of lading for the particular 50 bales of cotton, and Early-Foster Company having indorsed same in blank, and having attached said bill of lading to draft and sent same to the bank at New Orleans for collection and delivery, and said draft having been paid and the bill of lading delivered, appellants are now estopped from claiming said cotton was not delivered and that the title was not transferred by said transaction.

[2] The appellant railway company having issued an order bill of lading under the terms of which it agreed to transport the cotton to New Orleans, it was bound to do so unless prevented by the court, and there is no contention that the court prevented the delivery of the 15 bales. The railway company having filed its order bill of lading, was

bound and obligated to send the 50 bales of cotton to New Orleans, except such amount as was prevented by the attachment issued from the court at the instance of Early-Foster Company.

[3] If Early-Foster Company owned the cotton at the time the attachment was levied and Klump afterwards obtained title to same, then the judgment did not hold said cotton as Klump's, because it would not affect an after-acquired title, and if it was attached after the draft was paid, it was not Klump's cotton, because it had already been purchased and paid for by Latham & Co.

[4] The testimony sustains the findings of the trial court, and the facts found show that, at the time the attachment issued by Early-Foster Company was levied upon 35 bales of the cotton as the property of W. F. Klump & Co., it did not belong to Klump & Co., but had been sold to the plaintiffs, Latham & Co., and therefore appellant Early-Foster Company was liable to the plaintiffs for the value of the 35 bales; also the facts found concerning the failure of the railway company to deliver the other 15 bales entitled the plaintiffs to recover from that defendant the value of the 15 bales.

In support of our ruling concerning the judgment against Early-Foster Company, we cite articles 717 and 720 of the Revised Statutes. The first article defines what is an order bill of lading, and the other provides that where such bill of lading has been issued the railway company shall not deliver the goods to any person except the one holding the bill of lading. Construing the two articles together, we hold that when the plaintiffs came into possession of the bill of lading they thereby acquired title to the cotton. In support of that holding we cite West Tex. Nat. Bk. v. Wichita Mill & Elevator Co. (Tex. Civ. App.) 194 S. W. 835, and Kadane & Co. v. Security Nat. Bk. (Tex. Civ. App.) 219 S. W. 506.

The testimony contained in the statement of facts shows that after Klump & Co. purchased the 2,000 bales of cotton linters from Early-Foster Company they sold the same to Latham & Co., on December 5th; that Latham & Co. furnished the money with which all the cotton linters were paid for, and the bills of lading were all transferred to Latham & Co. Klump testified that the draft was paid and the bill of lading taken up at 2:30 p. m., on December 19, and that the money to take the same up was furnished by Latham & Co., and that long before that time he had sold the cotton to Latham & Co.

Appellees introduced in evidence a letter written by the general claim agent of the railway company on July 21, 1917, in which it was stated that the attachment was levied at 4 p. m., on December 19th, which was an hour and a half after the time that Klump testified that the draft was paid.

We deem it unnecessary to cite any authorities in support of the proposition that the railway company was liable, and in conclusion, and concerning the liability of Early-Foster Company, we cite the case of Adoue v. Seeligson & Co., 54 Tex. 593, which is similar in many respects, to the instant case, and which we think supports the judgment of the trial court.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.